## (February 15, 1968)

■ VELMA CAREY et al., Respondents, v. SOUTHERN PERU COPPER CORPORATION, Appellant.— Order, entered February 17, 1967, denying defendant's motion to dismiss the complaint on the ground of *forum non conveniens,* reversed on the law, on the facts and in the exercise of discretion, with $50 costs and disbursements to the appellant, and motion to dismiss complaint granted. There are not here present circumstances sufficiently singular to move this court from its settled position of rejecting actions between nonresidents founded on tort, where the cause of action arises outside the State. (*Ætna Ins. Co.* v. *Creole*

*Petroleum Corp.*, 27 A. D. 2d 518 [1966].) And herein, the circumstances are even less compelling than in the *Ætna* case. Plaintiffs, who make no claim to residence in this State, would sue a Delaware created corporation for unspecified malpractice in the treatment of plaintiff Velma Carey in Peru, caused by an unnamed physician, allegedly an employee of defendant, pursuant to a contract of employment executed in New Mexico and Peru, by its terms governed by Peruvian law. Of significance also is that the alleged malpractice, at least in one instance, occurred in a hospital unrelated to defendant and by a physician not in its employ. And concededly, the witnesses and pertinent records are all in Peru, wherein the principal operation of the defendant is situated. Nor is it indicated that the Delaware forum is closed. All in all, the New York nexus, being nonexistent or tenuous in the extreme, this clearly is an inappropriate forum. Particularly is this so, since in this State we cannot embrace an "open door" policy, in view of the current condition of our calendars. Concur — Stevens, J. P., Steuer and McGivern, JJ.; Capozzoli and Rabin, JJ., dissent in the following memorandum by Rabin, J.: The majority would send these plaintiffs to Peru to obtain the relief they seek. I would not because I think that, for all practical purposes, to do so would subject these plaintiffs to such insurmountable difficulties as to make it impossible for them to obtain such relief. This defendant is no stranger to New York. A foreign corporation, it, through its own volition, received authorization to do business in the State of New York. It is doing business here and the underlying contract of employment was forwarded from New York for signature. Indeed, New York is the only place in this country where it maintains an active office. In the circumstances, it may be sued in this State. Section 1314 (subd. [b], par. [5]) of the Business Corporation Law provides that a foreign corporation, "doing business or authorized to do business in this state", may be sued here by a nonresident. While a foreign litigant should not be permitted to utilize the courts of this State for causes better pursued elsewhere, our courts should not be closed to those who, for all practical purposes, would not be able to prosecute their case elsewhere — particularly where the defendant is at all times subject to the jurisdiction of the courts of this State. "Special and unusual circumstances must be given adequate consideration" in determining whether our courts should accept jurisdiction. (*Taylor* v. *Interstate Motor Frgt. System,* 309 N. Y. 633, 636 [1956].) I think such circumstances exist here. The cost to these plaintiffs in pursuing their remedies in Peru would seem to be prohibitive. The defendant can certainly withstand the cost of defending this action in New York much more easily than these plaintiffs can bear the costs of an action in Peru. In balancing hardships, the position of the plaintiffs should be favored. In the exercise of its discretion Special Term came to that conclusion and I can see no good reason for this court to reverse that decision, or to decide otherwise.