Chief Judge Fuld.
We have previously held that “ [o]ur courts are bound to try an action for a foreign tort when either the plaintiff or the defendant is a resident of this State ” and that it is only when such an action is brought by one nonresident against another that “ our courts may refuse to take cognizance of the controversy ’ ’ on the ground of forum non conveniens, (de la Bouillerie v. de Vienne, 300 N. Y. 60, 62; see Crashley v. Press Pub. Co., 179 N. Y. 27; Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152.) The defendant in the case before us asks us to reconsider and overrule those decisions.
*359 The plaintiff is a neurosurgeon residing and practicing in Hawaii, the defendant, a New York corporation, authorized to do business in Hawaii and the other 48 States. In 1969, the plaintiff filed the present .complaint in the Supreme Court, New York County, consisting of three causes of action, one for an injunction and the other two for damages, compensatory and punitive, totaling four million dollars. It charges the defendant with defamation and with a conspiracy to injure the plaintiff in his profession—not only, he asserts, because he “has testified as a physician in malpractice cases ” in Hawaii against doctors and hospitals insured by the defendant but also because he is “ of the Jewish faith.” More specifically, he alleges that the defendant, in New York, Hawaii and elsewhere, conspired to injure and defame him and that, as part of the conspiracy, the defendant provided insurance protection, by means of a special “libel and slander rider”, for persons who “ spoke ” of the plaintiff as being “ a rough technician ”, “ intellectually dishonest” and “mentally sick.” He claims that, as a result of the defendant’s conduct, his patients have been “ subjected to inhuman treatment” and he has been seriously damaged, his applications to publicly supported hospitals “ arbitrarily rejected ” and his staff privileges in such hospitals “arbitrarily ” taken from him.[1]
Although the complaint, in several of its paragraphs (6, 8, 10, 12), recites that the defendant committed certain acts in New York, which purportedly advanced the conspiracy, the defendant moved to dismiss the complaint on the ground of forum non conveniens. It is its position that, despite such recitals, the import and thrust of the plaintiff’s allegations in this action, as well as the allegations in the other similar actions brought by the plaintiff in Hawaii (see n. 1), “ refer to and deal with matters originating in * * * Hawaii, where plaintiff resides and practices medicine ’ ’ and that ‘ ‘ none of [his] contentions in any way whatsoever relate to incidents or events in * * * New York.” Moreover, in order to assure the plaintiff a forum in which *360 to bring suit if its motion is granted, the defendant asserted its willingness to accept service of process in Hawaii and waive any defense of the Statute of Limitations.[2]
The court at Special Term denied the motion, relying upon the de la Bouillerie case (300 1ST. Y. 60, supra). The Appellate Division, also considering itself bound by stare decisis, affirmed Special Term’s order but, in so doing, declared that the existing decisional law should be reconsidered. Indeed, the court stated that Hawaii was the most appropriate forum and indicated that, were it not for our earlier decisions, it would have granted the defendant’s motion and dismissed the complaint (35 A D 2d 317-318). The appeal is in this court by leave of the Appellate Division on a certified question.
As a general rule, a plaintiff with a transitory cause of action has a wide choice of forums in which to sue. 'Such forums often bear little relation either to the cause of action or to the parties and are selected by the plaintiff with the purpose of unduly burdening or harassing a defendant. (See, e.g., Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 507-508; Restatement, Second, Conflict of Laws, § 84, p. 251; Note, 73 Harv. L. Rev. 909, 1013.) The doctrine of forum non conveniens was developed by the courts to counter such a step, “ to justify”, it has been noted (Smit, Report on Uniform Interstate and International Procedure Act, Thirteenth Annual Report of N. Y. Judicial Conference, 1968, p. 136), “ stay or dismissal in situations in which it was found that, on balancing the interests and conveniences of the parties and the court, the action could better be adjudicated in another forum.” (See, also, Varkonyi v. Varig, 22 N Y 2d 333, 337-338; Bata v. Bata, 304 N. Y. 51, 56-57; Gulf Oil Corp. v. Gilbert, 330 U. S. 501, 507-509, supra; Restatement, Second, Conflict of Laws, § 84, pp. 251-252.) [3]
*361 The doctrine rests, in large part, on considerations of “ public policy ” (see Bata v. Bata, 304 N. Y. 51, 56, supra) and, even though there" be no prohibition, statutory or otherwise, against maintaining a particular action in this State, our courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York. The question whether the principle of forum non conveniens should or should not be applied in such a case “ is one ”, we declared in Varkonyi v. Varig (22 N Y 2d 333, 337, supra), “ which is in general committed to the discretion of the courts below, to be exercised by reviewing and evaluating all the pertinent competing considerations.”[4]
Further thought persuades us that our current rule—which prohibits the doctrine of forum non conveniens from being invoked if one of the parties is a New York resident — should be relaxed. Its application should turn on considerations of justice, fairness and convenience and not solely on the residence of one of the parties. Although such residence is, of course, an important factor to be considered, forum non conveniens relief should be granted when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties. The great advantage of the doctrine — its flexibility based on the facts and circumstances of a particular case — is severely, if not completely, undercut when our courts are prevented from applying it solely because one of the parties is a New York resident or corporation.
It has become increasingly apparent that a greater flexibility in applying the doctrine is not only wise but, perhaps, necessary. (See, e.g., Rosenberg, One Procedural Genie Too Many or Putting Seider Back Into Its Bottle, 71 Col. L. Rev. 660, 672; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶301.07; Smit, Report on Uniform Interstate and International Procedure Act, Thirteenth Annual Report of N. Y. Judicial Conference, 1968, p. *362 138.)[5] The fact that litigants may more easily gain access to our courts—with the consequent increase in litigation—stemming from enactment of the long-arm statute (CPLR 302), changing choice of law rules (see, e.g., Babcock v. Jackson, 12 N Y 2d 473) and decisions such as Seider v. Both (17 N Y 2d 111), requires a greater degree of forebearance in accepting suits which have but minimal contact with New York. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶301.07.) With that in mind, it was suggested in Simpson v. Loehmann (21 NY 2d 305, 312, mot. for rearg. den. 21 N Y 2d 990) that further study be given to the subject of forum non conveniens. And, a short time later, the 'State’s Judicial Conference recommended a bill reciting, in part, that “ [t]he domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action.”[6]
Indeed, such has been the conclusion reached by judicial decision in at least two States. (See Winsor v. United Air Lines, 52 Del. 161, 167-168; Gore v. United States Steel Corp., 15 N. J. 301, 311, cert. den. 348 U. S. 861; see, also, Blair, The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Col. L. Rev. 1, 20 et seq.) In the Gore case (15 N. J. 301, supra), for example, the New Jersey high court dismissed an action brought by nonresidents against a New Jersey corpora *363 tion based on an alleged tort committed in Alabama. Rejecting the plaintiffs’ argument that the defendant’s residence compelled acceptance of the case, the court wrote (p. 311) that the doctrine turns “ on considerations of convenience and justice * * *. It is only in those exceptional cases where a weighing of all of the many relevant factors, of which residence is but part, decisively establishes that there is available another forum where trial will best serve the convenience of the parties and the ends of justice, that the doctrine is ever invoked.” (Emphasis supplied.) [7]
Having concluded that reason and substantial justice call for modifying our prior decisions and relaxing our inflexible rule, there is nothing to deter this court from so doing. Certainly, we need not wait on legislative action. (See, e.g., Gelbman v. Gelbman, 23 N Y 2d 434, 437; Greenberg v. Lorenz, 9 N Y 2d 195, 199-200; Bing v. Thunig, 2 N Y 2d 656, 667; Woods v. Lancet, 303 N. Y. 349, 355.) As the cited decisions establish, stare decisis does not compel us to follow blindly a court-created rule — particularly one, as here, relating to a procedural matter — once we are persuaded that reason and a right sense of justice recommend its change.
The present appeal is before us, by leave of the Appellate Division, on a certified question and, accordingly, we remit the proceeding to that court so that it may decide—taking all pertinent factors into account, including the complaint’s references to acts assertedly committed by the defendant in this State — whether, in the exercise of its sound discretion, it should deny or grant the defendant’s motion to dismiss the complaint on the ground of forum non conveniens.
The order appealed from should be reversed, without costs, the certified question answered in the negative and the matter remitted to the Appellate Division for further proceedings in accordance with this opinion.
Judges Burke, Soileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, etc.

. The plaintiff has brought four somewhat similar actions against the defendant and local Hawaiian doctors and hospital administrators charging them with conspiring to prevent him from practicing in Hawaii, and those suits are currently pending in that jurisdiction. In those actions, the plaintiff seeks damages totaling some 20 million dollars.

. In our court, the defendant repeats its consent to accept service in Hawaii and to waive any limitations defense that it may acquire from the date of the service of the complaint in this suit—September 17, 1969—if the plaintiff institutes action in Hawaii within a reasonable time after entry of an order dismissing the complaint.

. The history of the doctrine has been extensively treated in a number of law reviews. (See Barrett, The Doctrine of Forum, Non Conveniens, 35 Calif. L. Rev. 380; Blair, The Doctrine of Forum Non Conveniens in Anglo-American Law, 29 Col. L. Rev. 1; Note, 73 Harv. L. Rev. 909; see, also, Zurich v. Inman, 221 Tenn. 393.)

. Some of “ the pertinent factors to be considered and weighed ” were set out in our opinion in Varhonyi (22 N Y 2d, at p. 338; see, also, Gulf Oil Corp. V. Gilbert, 330 U. S. 501, 508-509, supra).

. Although at one time it was said that the doctrine could be applied only-in tort actions (see Gregonis v. Philadelphia & Beading Coal & Iron Co., 235 N. ,Y. 152, 159, supra), our court held in 1952 that it cohid also be applied in contract and other kinds of property litigation. (See Bata v. Bata, 304 N. Y. 51, 56, supra.) Moreover, within the past few months, in Pharo v. Piedmont Aviation, (29 N Y 2d 710), the rule was further relaxed when we invoked the doctrine, even though one of a number of corporate defendants was a New York corporation; in upholding the Appellate Division’s decision to refuse jurisdiction, we wrote (p. 712): “ The circumstance that, in this action brought by a nonresident plaintiff, one of the defendants is a domestic corporation does not. require that this State entertain the suit insofar as other foreign corporations and other nonresidents are concerned.”

. A bill so providing was introduced at each of the last three legislative sessions (see, e.g., 1971 Senate Int. No. 1642; Assembly Int. No. 3624). Its “enactment,” the Judicial Conference pointed out, “would bring a sorely needed balance to jurisdictional reform in this State ” (Report of N. Y. Judicial Conference to the 1971 Legislature, p. 21; see, also, California Code, of Civil Procedure, § 410.30; Wis. Stats. Ann., § 262.19; Uniform Interstate & International Procedure Act, § 1.05).

. As bearing on the availability of another forum, we note the defendant’s consent to accept service of process in Hawaii and to waive the Statute of Limitations defense.