OPINION OF THE COURT
Shanley N. Egeth, J.
Despite the fact that the plaintiff in this action is a domestic corporation, that the defendant, a Massachusetts corporation, has an office in New York, that New York counsel are presently representing both parties, and that the parties may desire that their rights be determined in this forum, this court is not required to retain jurisdiction of this declaratory judgment action.
FACTS
Plaintiff, a New York corporation, is the sublessor and the defendant, a Massachusetts corporation, is the sublessee of certain real property located in Hackensack, New Jersey. Plaintiff brings this action for declaratory judgment in order to determine whether the leasehold has terminated, based on the alleged failure of the defendant to properly exercise an option for an additional term in accordance with the provisions of the lease. A dispute exists between the parties as to whether the option was exercised, and as to what proof of mailing would constitute effective exercise under the terms of the instrument. Defendant further asserts entitlement to invoke the New York doctrine of equitable relief against forfeit *608 ure in the event it is determined that the option was not exercised, and that the doctrine also applies in New Jersey. Plaintiff disagrees. In the instant action, plaintiff seeks no monetary recovery. Rather, it seeks a judicial determination of the possessory rights of the parties in and to the New Jersey leasehold. The lease, executed by the plaintiff in New Jersey and by the defendant in Massachusetts, contains no special provision mandating construction pursuant to the laws of any State other than New Jersey. Therefore, the elementary hornbook rule of conflict of laws requiring application of the law of the property situs, must be applied in this case.
PROCEDURAL POSTURE
This case appeared on the Trial Calendar of Trial Part XI and was thereafter conferenced prior to trial on more than one occasion. A prior motion for trial preference had been granted conditionally. A pending motion to strike the case from the calendar for failure to comply with the discovery condition was assigned to this part with the case, and is still undecided. After conference, the court ascertained the facts, and suggested that the action did not properly belong in this forum. Upon exploration of possible adjustment of the dispute, or of the submission of a single question for resolution by stipulation without testimony, no consent to either alternative was realized. Defendant then indicated an intention to move to dismiss the complaint. The court requested that the defendant include within that motion an additional prayer for dismissal of the action upon the grounds of forum non conveniens. When the defendant’s motion was made, no request for such relief was included. Both parties then expressed a desire that the issues be adjudicated by this court. This court then stated that it would consider initiating its own motion to dismiss the action upon the grounds of forum non conveniens.
court’s motion
This court initiates its own motion to divest this forum of jurisdiction of this action by dismissal of the complaint upon the grounds of forum non conveniens.
DETERMINATION
This court, sua sponte, dismisses the complaint at bar upon *609 the grounds of forum non conveniens in the interest of justice and for the convenience of the court.
LAW AND APPLICATION
Although upon superficial scrutiny it may appear that there is no subject matter jurisdiction over this action, this case is not dismissible upon such grounds. Despite the court’s right to entertain jurisdiction over this subject matter, it has discretion to decline to adjudicate the case upon the grounds of forum non conveniens or that it is an improper action for declaratory judgment.
Prior to the 1972 determination of the Court of Appeals in Silver v Great Amer. Ins. Co. (29 NY2d 356), the doctrine of forum non conveniens would have been inapplicable to this case by virtue of plaintiff’s status as a domestic corporation. Following Silver and the subsequent enactment of CPLR 327, "[t]he forum non conveniens doctrine * * * 'turn[s] on considerations of justice, fairness and convenience, and not solely on the residence of one of the parties’.” (McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 327, 1977-1978 Pocket Part, p 103.)
The doctrine of forum non conveniens has been recognized and applied in this jurisdiction long before Silver was decided. It has been applied in contract as well as tort actions and has rested on considerations of public policy (see Bata v Bata, 304 NY 51). Silver merely removed the factor of New York residence or corporate domicile of a party as a bar to the court’s exercise of discretion in reviewing and balancing all pertinent competing considerations.
Our courts have long held that the convenience of the court is a factor requiring consideration as to the availability of this forum (Pietraroia v New Jersey & Hudson Riv. Ry. & Ferry Co., 197 NY 434). "Among the pertinent factors to be considered and weighed, in applying the doctrine of forum non conveniens, are * * * the burden on the New York courts * * * the unavailability elsewhere of a forum in which plaintiff may obtain effective redress and the extent to which the plaintiff’s interests may otherwise be properly served by pursuing his claim in this State.” (Varkonyi v S. A. Empresa De Viacao Airea Rio Grandense [Varig], 22 NY2d 333, 338.) (See Bata v Bata, supra; Gulf Oil Corp. v Gilbert, 330 US 501, and Carey v Southern Peru Copper Corp., 29 AD2d 744.)
*610 In applying the appropriate relevant principles and criteria to the instant case, there seems to be little to justify a determination in favor of its retention in the New York forum. The only factors, which appear to support an adjudication in this jurisdiction, are the parties’ personal predilections (almost an irrelevancy), their desire to continue utilization of their New York counsel (not a very compelling consideration especially in view of the fact that plaintiff’s law firm has an office in New Jersey and defendant’s law firm employs attorneys who are members of the New Jersey Bar) and the presence of the corporate parties in New York (no longer a dominant consideration following Silver and the enactment of CPLR 327).
Examination of all other relevant factors compels this court to determine that justice, efficiency, and public policy mandate a New Jersey adjudication. A review of some of these factors follows:
1. Convenience and Access to Another Forum:
There can be no question that the parties are presently involved in transacting business at the leasehold premises in New Jersey. An appropriate court in Bergen County, New Jersey, has jurisdiction over this controversy, and it cannot seriously be argued that that forum is so distant geographically as to make it impossible or significantly difficult for any witness or appropriate record or document to be available for a trial there. In all probability, New Jersey would be more convenient.
2. True Nature of Relief Sought:
Despite the parties’ posturing in the pleadings as to the nature of this action, in essence, the ultimate relief sought is a determination as to the continuation or termination of an estate in New Jersey property (leasehold). A decision in this case will directly affect possessory rights to real property in a foreign State. No monetary damages for breach of contract are sought. This is not the type of transitory action which could normally be brought in any one of a number of jurisdictions in which the parties are located. This is akin to a proceeding affecting title to real property. Normal application of elementary principles of conflict of laws would confine such litigation to the forum of the property’s situs.
Additionally, it should be noted that the utilization by counsel of a prayer for declaratory judgment relief does not transform the character of this action into something other *611 than its essential nature. In fact, even if the property were located in New York, this case would not be appropriate for a declaratory judgment. If a party were to make a motion to dismiss the complaint, it would in all probability be successful. In 1931, the Court of Appeals in James v Alderton Dock Yards (256 NY 298, 305), enunciated the basic rule: "The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care [citations omitted]. It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action. * * * Where there is no necessity for resorting to the declaratory judgment it should not be employed.” This rule is restated in Carmody-Wait 2d, NY Prac, vol 24, §147:6; Hunterfly Realty Corp. v State of New York (62 Misc 2d 567). It is clear that a more traditional form of legal action is available to resolve the issues in New Jersey.
3. Fuller and More Effective Redress is Available in New Jersey:
As already indicated, New Jersey, as situs of the real property would normally be the most appropriate forum for the resolution of this jural relation. There can be no doubt as to the jurisdictional availability of that forum for an appropriate action.
If this action were to be adjudicated in New York, complete, perhaps even necessary, relief may be unavailable. A New York determination as to the rights of these parties in the New Jersey leasehold is incapable of total implementation within this jurisdiction. If the determination favored the plaintiff sublessor, and if the defendant sublessee then refused to relinquish its possession, the plaintiff may be compelled to commence the equivalent of a New York summary proceeding or an ejectment action to gain possession. The issue posed in this declaratory judgment action is a threshold question which would necessarily have to be first resolved by a court having jurisdiction over a possessory action. New York would obviously have no such jurisdiction. New Jersey, on the other hand, most certainly would have full jurisdiction to provide total relief.
4. Applicable Law:
There can be no question that the issues presented in this case must be resolved by application of New Jersey law. There *612 is a sharp dispute between the parties as to what the law of New Jersey is respecting the issues to be determined. While in New York, proof and determination of New Jersey law is a factual issue, in New Jersey it is solely a question of law. In addition, the defendant argues that New York’s public policy granting equitable relief to avoid forfeiture should be applied to the facts and relationship here at issue (J. N. A. Realty Corp. v Cross Bay Chelsea, 42 NY2d 392; Sy Jack Realty Co. v Pergament Syosset Corp., 27 NY2d 449) on the basis that the policy and law of New Jersey is identical. Plaintiff disputes this claim. It is quite possible that New Jersey has not established its public policy as to this issue. Unless a compelling and necessary reason can be demonstrated, it would be both presumptuous and improper for a New York court to create for New Jersey a public policy and substantive law applicable to real property situated there. Especially, since it is clear that an appropriate and convenient forum is available in our sister State. Furthermore, if the New Jersey court holds that its public policy is not as this court envisioned it, the New Jersey court may then decide that this court’s determination is not binding upon it, and thus render the entire judicial exercise in New York futile.
5. Convenience and Burden on Our Courts:
In almost every case involving the application of the doctrine of forum non conveniens, whether determined before or after Silver, it has been recognized that the impact or burden of the particular case upon our judicial system is a major factor for consideration. This was concisely expressed by former Chief Judge Fuld in the Silver opinion: "The doctrine rests, in large part, on considerations of 'public policy’ * * * our courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York.” (29 NY2d 356, 361, supra.) The calendar burdens of our trial parts have not so lightened since 1972 as to inspire a quest for judicial business more appropriate to other jurisdictions in order to keep our courts occupied. To the contrary, our civil trial parts are still burdened with heavy case loads. Trial of unnecessary imported litigation will inevitably deprive worthy litigants of speedier trials and consume the time of Judges which can be put to more effective use. In the instant case, although there has been some discovery and a preliminary motion, two motions are presently pending. In one, the defendant seeks *613 removal from the calendar pending completion of discovery. In the other, the defendant seeks a dismissal of the complaint for failure to state a cause of action upon the grounds that the relief sought would cause plaintiff to suffer a forfeiture. Although this court has not undertaken an exhaustive review of the papers and the New Jersey authorities, it appears that this latter motion would not dispose of the case without a trial.
Upon the basis of all of the facts and reasons already expressed, it appears to this court that insufficient nexus and justification has been shown to warrant any additional expenditure of New York judicial resources to attempt a resolution of the issues raised in this case. This becomes even more compelling in the context of the distinct possibility that no matter what is done in this forum, the parties may be required to relitigate the same issues in New Jersey in a possessory action or proceeding which is presently available.
SUA SPONTE
As has already been noted, virtually all of the cases dealing with the application of the doctrine of forum non conveniens acknowledge as a matter of public policy that the convenience of and the burden upon our courts is a major factor which merits consideration in attempting to effectuate a proper balancing of interests. The doctrine was devised to enable our courts to protect our judicial system from being inundated by innumerable actions which have no real nexus here, despite the "long-arm” statute or technical jurisdictional qualification.
This rationale makes it clear that the public, other litigants and our judicial system itself have a valid stake in restricting access to our courts only to legal matters appropriately connected to this forum. This interest transcends the wishes of the particular litigants in a given case. Acknowledgment of the existence of these concerns imposes a public duty upon the court to protect our system from these unwarranted desires of litigants in any given case.
This duty was perceived by Justice Stecher of this court in 1973, when he said, while invoking the doctrine of forum non conveniens sua sponte, "if the doctrine exists for the court’s benefit, the court should not be obligated to await helplessly the motion of counsel.” (Wachsman v Craftool Co., 77 Misc 2d 360, 362.)
*614 In Wierdsma v Markwood Corp. (53 AD2d 581), Justice Frank, formerly of this court, dismissed the case sua sponte on the grounds of forum non conveniens. The Appellate Division affirmed the dismissal upon the grounds that the plaintiff had no legal standing to sue and held that the forum non conveniens grounds were inapplicable. The appellate court did not then express an attitude as to the court making the motion sua sponte. (In this case, it is important to note that legal standing and subject matter jurisdiction exist.)
This court embraces the view of its New York County colleagues. It does not believe that the enactment of CPLR 327 was designed to effectuate a statutory divestiture of a court’s right to protect the public and its own institutions. This section grants a court a permissive right to stay or dismiss an action, upon motion of any party, when it finds that in the interest of justice it should be heard in another forum. It specifically precludes the residence or domicile of any party from acting as a bar to the exercise of the remedy. The statute does not specifically authorize the court to invoke the remedy upon its own motion.
This court holds that in the exercise of proper discretion, a trial court has always had the right to protect itself and the public upon its own motion, and that the enactment of CPLR 327 did not abrogate or repeal this pre-existent right. If proper exercise of judicial discretion would mandate a dismissal of an action having an insufficient nexus with this jurisdiction upon the grounds of forum non conveniens, it defies reason or logic to assert in an action which is not properly adjudicable in this forum that the parties, or their counsel, have been granted a statutory veto power over an appropriate manifestation of judicial discretion. Such, in essence, is the position advocated by counsel in this case. This court considers that the grounds for dismissal of the instant action in favor of a trial in New Jersey are most compelling. Counsel for both parties prefer to remain here. Consequently, both have refused to acquiesce in the court’s request for a dismissal motion grounded upon forum non conveniens. In effect, they assert that without their assent this court is powerless to manage its calendar and judicial business to further the interests of the public or other litigants. The enactment of CPLR 327 cannot have intended this limitation. Such a result would in many instances render meaningless the direction which Silver and numerous other *615 cases mandate: to find a balance which includes the convenience of the courts.
NO CONDITIONS
Parenthetically, it should be noted that this court has not overlooked or inadvertently failed to consider the imposition of reasonable conditions. This is not a case requiring consent, waiver of Statute of Limitations, or acceptance of service by an adverse party. There is no time limitation, or other impediment, to prevent the commencement of a possessory action in New Jersey in which total relief can be afforded after adjudication. No co-operation or consent by an opposing party would be required therefor.
DISMISSED
This action is accordingly dismissed upon the court’s motion.