■ UNIGRAPHIC, INC., Appellant-Respondent, v STAR WARS CORPORATION, Respondent, and TWENTIETH CENTURY-FOX FILM CORPORATION et al., Respondents-Appellants. — Order of the Supreme Court, New York County, entered May 21, 1980, which, upon renewal, *inter alia,* granted motion of defendant Star Wars Corporation to dismiss the complaint against it on the ground of lack of personal jurisdiction and denied plaintiff's motion to strike Star Wars' defense based on that ground unanimously modified, on the law, to deny said motion of Star Wars and reinstate the complaint, and otherwise affirmed, without costs. The jurisdictional issue is reserved for trial after completion of further pretrial discovery. Appeal from order of March 27, 1980 is unanimously dismissed as academic, without costs. The record submitted on this appeal, although voluminous, does not support summary dismissal of plaintiff's complaint on jurisdictional grounds; nor does it support the motion to strike the jurisdictional defense. While it does not appear that Star Wars had a written agreement with Twentieth Century-Fox Licensing Corporation (Fox Licensing) there are some indications of an agency relationship between them. Although the documentation contained in the record as to the Star Wars-Fox relationship is fragmentary and inconclusive, it nevertheless discloses that Star Wars through its licensing agreement with Twentieth Century-Fox Film Corporation (Fox Film), the parent company of Fox Licensing, may have exercised control over the activities of Fox Licensing in regard to the licensing of third parties to exploit Star Wars' commercial products. It appears that the defendants were to share in the profits arising from such third-party licensing arrangements and that in each instance of a proposed third-party arrangement negotiated by Fox, Star Wars had the right to veto the transaction by providing instead a more favorable agreement with a third party of its own choice. The role of Lippincott, vice-president of Star Wars who was present at the meetings of February 21 and 22, 1977 in New York City, is unclear. Defendants' allegations that Lippincott was there solely in the capacity of publicist for Fox Film and only as an observer and not a participant in the discussions is disputed by plaintiff. The question remains on whose behalf he was present and whether he was merely an observer or actively participated at these meetings. (See *Reiner & Co. v Schwartz,* 41 NY2d 648.) The court cannot conclude, on the present record, that as a matter of law there is no personal jurisdiction over Star Wars. Further disclosure to enable resolution of this issue is appropriate. Special Term properly determined the issue of *forum non conveniens.* Even if Star Wars is to be an active defendant in this action, New York is an appropriate forum. The action arises from an interstate transaction between the New York plaintiff and the California-based defendants. It is clear that at least the Fox defendants conduct substantial activity in New York. Negotiations were held in both New York and California. Plaintiff's performance of the agreement which is alleged to have been breached, took place, for the most part, in New York. Plaintiff intends to call third-party licensees as witnesses, and New York, as the advertising center of the country, is convenient for these witnesses. This is hardly imported litigation, and New York appears to be as convenient a forum, if not more so, than is California. Thus, in the light of the fact that this litigation cannot be better adjudicated in California, plaintiff's choice of forum will not be disturbed *(Silver v Great Amer. Ins. Co.,* 29 NY2d 356). Concur — Kupferman, J. P., Birns, Fein, Sandler and Lynch, JJ.