✦ ■ MADELINE C. AZARIAN, Individually and as Guardian of ELIZABETH A. AZARIAN, an Infant, et al., Respondents, v ALICE W. ETTINGER et al., Appellants. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendants have moved to dismiss plaintiffs' complaint pursuant to CPLR 3211 (subd [a], par 4) alleging that there are two other actions pending between the parties in Massachusetts seeking the same or similar relief and that New York is an inconvenient forum for trial of the issues. Special Term denied the motion finding the Massachusetts actions dissimilar. It did not rule on the *forum non conveniens* aspect of the motion, apparently because the notice of motion did not specifically seek relief under CPLR 327 (but see, Siegel, New York Practice, 1979-1980 Pocket Part, § 28, p 3). Plaintiffs are the three remaining beneficiaries of an *inter vivos* trust established in 1965 by their father, Gregory J. Azarian. The settlor was a Massachusetts resident at the time he created the trust and also at the time of his death in 1970. In the trust instrument he designated defendant Alice W. Ettinger, a stepaunt of plaintiffs and a resident

of the Rochester, New York area, and a predecessor bank of the First National Bank of Boston, as cotrustees. In his will, probated in Massachusetts in 1970, he bequeathed all his tangible personal property to plaintiffs and the remaining property to the trust and he named Mrs. Ettinger as guardian of the plaintiffs. After their father's death, the three plaintiffs, then infants, moved to the Rochester area to live with Mrs. Ettinger and her husband, defendant Wolfgang G. Ettinger. Two of the children are now emancipated and the third, although still a minor, has left the Ettinger home to live in Connecticut with one of her sisters, plaintiff Madeline Clair Azarian. Plaintiff Margaret Ellen Azarian is a resident of California. Shortly after Mrs. Ettinger's appointment as guardian, the cotrustee advanced an interest-free loan of $66,500 to the Ettingers so that they could purchase a larger house, allegedly to accommodate the children. That house was subsequently sold at a substantially higher price than was originally paid for it, the interest-free loan was repaid and a new house was purchased. It is this transaction which is at the root of the litigation, although plaintiffs make numerous claims of alleged wrongdoing against defendants. Their amended complaint states three causes of action which seek relief by way of imposition of a constructive trust on the house purchased with the interest-free loan and also the replacement house and an accounting of the loan and the increase and profits from it, general damages for misappropriation of trust funds, the turnover of withheld items of guardian's funds and personal property and damages resulting from the withholding of them, an account of all funds received by defendants as fiduciaries and punitive damages. After answering, defendants moved to dismiss the complaint and amended complaint, claiming that the same relief is available to plaintiffs in prior actions pending in Massachusetts; an action in which plaintiff Madeline Clair Azarian sought the removal of Alice W. Ettinger as guardian, and an action for declaratory judgment brought in Worcester County Probate Court by the cotrustee, First National Bank of Boston, to determine the propriety of the interest-free loans in which plaintiffs have asserted several counterclaims. Defendants also seek dismissal of this action because they contend that complete relief may not be granted by a New York court without joining the cotrustee bank as a party and that the bank may not be sued in New York under Federal law (see US Code, tit 12, § 94). From an examination of the various pleadings, we are unable to determine that Special Term erred in holding that the prior Massachusetts actions did not seek the same relief sought by plaintiffs here. Nor are we convinced that this action cannot go forward and the parties obtain full relief in the absence of the cotrustee bank. Generally, cotrustees alleged to have joined in a misappropriation of trust property are jointly and severally liable (76 Am Jur 2d, Trusts, § 306; 3 Scott, Trusts [3d ed], § 224.6). Nevertheless, the record demonstrates that plaintiffs may obtain complete relief in the Massachusetts actions and in the interest of substantial justice they should do so (see CPLR 327; *Silver v Great Amer. Ins. Co.*, 29 NY2d 356, 361). While defendants are residents of New York and the first cause of action of the amended complaint asks the imposition of a constructive trust on New York properties, plaintiffs essentially seek damages for the conversion of trust funds by the trustees and that relief is also available in Massachusetts. The Massachusetts court has jurisdiction of the trust, of decedent's estate and of the guardianship, the trust assets are in that State, the cotrustee is a resident of that State, and both the trust instrument and the will are governed by Massachusetts law. Although Massachusetts cannot impress a constructive trust on New York realty, the Massachusetts judgment may be enforced in New York because it must be granted full faith and credit here. Thus, not only does Massachusetts have the jurisdiction necessary to resolve the disputes between the parties, but substantial

justice requires that the litigation should be pursued there where prior proceedings are pending and all the necessary witnesses and evidence are available. Moreover, since the bank is an interested party and cannot be sued in New York, Massachusetts is the only forum in which both trustees are amenable to suit, and its courts are better equipped to dispose of all the litigation without the danger of inconsistent results. It is not clear from the record that the Massachusetts courts have acquired jurisdiction of defendant Wolfgang G. Ettinger. We, therefore, grant defendants' motion on the basis of *forum non conveniens* to the extent of staying plaintiffs' New York action until disposition of the pending litigation in the Worcester (Massachusetts) County Probate Court, on condition that defendant Wolfgang W. Ettinger submit himself to the jurisdiction of Massachusetts. Thereafter, plaintiffs, if successful, may elect between enforcement of the Massachusetts money judgment or imposition of the constructive trust. (Appeal from order of Supreme Court, Monroe County, Boehm, J. — motion to dismiss complaint.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.