■ TRIO INDUSTRIES, INC., Respondent, v SCHAL ASSOCIATES, INC., et al., Appellants. — Order of Supreme Court, New York County (Stanley L. Sklar, J.), entered December 1, 1982, which denied defendants' motion to dismiss the complaint herein, with leave to renew upon completion of discovery by plaintiff on the issues of jurisdiction and *forum non conveniens,* unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion to dismiss the complaint is granted.

Plaintiff, Trio Industries, Inc. (Trio), seeks to recover a balance of $253,980.67 for work, labor and services allegedly furnished to the defendants pursuant to a contract. The project in respect to which the subject contract related was for the construction of a commercial office building in Chicago, Illinois, owned by 33 West Monroe Associates, an Illinois limited partnership, the general partners of which were all Illinois residents. An Illinois corporation known as Schal Associates, Inc., acted as agent and construction manager for 33 West Monroe Associates. A New York corporation, also known as Schal Associates, Inc., purportedly was served with process herein, but it appears that the New York Schal was merged into the Illinois Schal some two weeks before service was made and thus did not exist on that date. The defendants' motion to dismiss, grounded as to Schal Associates, Inc., upon a claim of a failure to state a cause of action, and as to 33 West Monroe, lack of personal jurisdiction, was denied with leave to renew.

Special Term, *sua sponte,* granted leave to amend the complaint so as to correctly identify the Schal Associates being sued. 33 West Monroe Associates contested personal jurisdiction over it, arguing that it owned no property in this State and transacted no business here.

It appeared from submissions made by the parties that another action had been commenced by the defendants against Trio and another in the Eastern Division of the United States District Court for the Northern District of Illinois. The defendants also raised in this action, as an additional basis for dismissal of the complaint, the inconvenience of New York as a

forum (CPLR 327), pointing out that the contract was in fact entered into with Schal Illinois, the building is located in Illinois and all the general partners of 33 West Monroe are Illinois residents. Focusing primarily upon the personal jurisdiction and *forum non conveniens* issues, Special Term found the latter to be prematurely raised since the court believed that a *forum non conveniens* argument assumed that jurisdiction existed. The court denied the motion to dismiss on jurisdictional grounds since all the facts upon which jurisdiction was based had not yet been explored. The denial was without prejudice, however, to renewal following discovery. Unaddressed, except by a mere passing reference, was the issue of the other action pending in the Illinois Federal court between the same parties and involving the same subject matter. The respondent Trio has not submitted a brief on this appeal. Rather, by letter dated September 25, 1984, Trio has advised the court that "All of the substantive issues to be determined in the above named action will necessarily be determined in a more comprehensive action currently pending in the United States District Court for the Northern District of Illinois, Eastern Division. Accordingly, for the sake of judicial economy, Trio has elected not to file an answering brief on the defendant's appeal which is solely limited to seeking reversal of the lower court's determination of a threshold jurisdictional issue."

In a subsequent letter dated October 26, 1984, forwarded to the court following submission, Trio's counsel requested "thirty (30) day leave to file a brief", asserting that "It has now become apparent to me from conversations with counsel in Illinois and from my own observations that not only may there exist issues unique to the New York action, but that these issues, as well as other issues common to both actions, could be determined earlier in New York than in Illinois."

Nothing further has been heard from Trio, nor have we been advised as to what "issues unique to the New York action" may exist. Our examination of the record satisfies us that this action should be dismissed, not only because of the pendency of the other action in the Illinois Federal court where "[a]ll of the substantive issues * * * in [this] action will necessarily be determined" but because it appears that this case has little or no nexus with New York. The property which is the subject of the contract is located in Illinois and the convenience of the principal parties, who are all Illinois residents, would better be served by a trial in Illinois. "[E]ven though there be no prohibition, statutory or otherwise, against maintaining a particular action in this State, our courts should not be under any compulsion to

add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus to New York". (*Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361.) Concur — Kupferman, J. P., Sandler, Fein, Milonas and Alexander, JJ.