■ H & J BLITS, INC., et al., Appellants, v HANNAH BLITS et al., Respondents, et al., Defendants. — Judgment, Supreme Court, New York County (Edwards, J.), entered on December 12, 1983, granting defendants' motion for summary judgment dismissing the complaint on the grounds, *inter alia,* of forum non conveniens, affirmed for the reasons stated by David H. Edwards, J., at Special Term, with costs. The appeal from the order of said court entered on November 14, 1983 is dismissed as having been subsumed in the appeal from the aforesaid judgment, without costs or disbursements. Concur — Murphy, P. J., Fein and Milonas, JJ.

Sandler and Carro, JJ., dissent in a memorandum by Sandler, J., as follows: In an action arising out of a dispute between the individual plaintiff, Harold Blits, a New York domiciliary, and his stepmother, Hannah Blits, a Florida domiciliary, with regard to the ownership of corporate stock in H & J Blits, Inc., a New York corporation, the plaintiffs appeal from an order of the Supreme Court, New York County, and a judgment entered thereon, which granted motions of four of the defendants pursuant to CPLR 327 to dismiss the action on the grounds of forum non conveniens.

The stock in question had been owned by Juda Blits, father of Harold Blits and the husband of Hannah. Juda and Harold had together owned and managed the corporation for many years. In a will dated August 22, 1980, Juda bequeathed to Hannah corporate stock that had been bequeathed to Harold in a prior will. It was the offering of the August 1980 will for probate in a Florida court, to which objections had been interposed by Harold on the grounds that his father had been incompetent and the subject of undue influence by Hannah, that led to the commencement of this lawsuit in January 1983.

Although phrased alternatively, and in some respects inconsistently, the six causes of action set forth in this complaint all rest on the essential claim that at the time Juda retired from the corporation in 1968, he had entered into an agreement with Harold with regard to the disposition of his stock in exchange for Harold's promise, alleged to have been fulfilled, that Juda would receive annuities for the rest of his life. Summarized briefly, the complaint alleges: (1) that Juda had promised to sell and deliver his shares to the corporation and in fact did so, and that the corporation should be declared the lawful owner; (2) that if it be found that Juda had not delivered his shares in accordance with his agreement, plaintiffs are entitled to specific performance; (3) that alternatively Juda had promised to bequeath the shares to Harold in a will, which he would not alter until his death, and he in fact made such a will, the revocation of which in the 1980 will constituted a breach of the agreement; (4) that if at the probate proceedings the will is rejected and Juda is deemed to have died intestate or under an instrument not containing a bequest of the stock to Harold, the plaintiffs are entitled to specific performance; (5) that if declaratory or specific performance relief is not granted, damages should be awarded to Harold from Hannah in the amount that had been paid Juda under the annuity agreement because of her alleged tortious interference with the agreement between Juda and Harold; and (6) that Hannah and several of the other individual defendants, relatives of Hannah

and a lawyer, joined together to cause Juda to breach his agreement, activities in furtherance of this plan occurring both in New York and Florida, and that plaintiffs are entitled to damages in the amount of the annuity payments that had been made to Juda.

Four of the defendants, represented by the same attorney, moved to dismiss each cause of action pursuant to CPLR 327 on the ground of forum non conveniens, and further moved to dismiss each cause of action pursuant to CPLR 3211 (a) (2), (4), (5), (8), and (9), alleging, respectively, lack of subject matter jurisdiction, another action pending, the Statute of Frauds, lack of personal jurisdiction, and lack of in rem jurisdiction. Not addressing any of the other motions, Special Term dismissed on the ground of forum non conveniens, placing primary reliance on the circumstances that the August 1980 will had been offered for probate in the Circuit Court of Dade County in Florida, and that objections to that will had been filed by Harold. The court concluded that the ownership of the shares would necessarily be determined in the Florida probate proceeding, and that it would therefore be a waste of the court's resources to duplicate the work of the Florida courts.

This determination seems to me erroneous. We are confronted here with an action brought by a New York corporation and a New York resident concerning the ownership of shares in a New York corporation, the stock certificate for which, both parties agreed on oral argument, has at all relevant times been located in New York. These facts alone establish that the action has a substantial nexus with this State. (*See, Silver v Great Am. Ins. Co.*, 29 NY2d 356.) Moreover, it is apparent from the record that events relevant to the issues raised occurred both in New York and in Florida. No plausible basis for an application of forum non conveniens is suggested unless that basis is to be found in the circumstance that a will purporting to dispose of the testator's stock in the corporation was offered for probate in Florida. No authority has been called to our attention giving such dispositive effect to that circumstance, and I am aware of no such authority.

At the time Special Term entered its order appealed from, there was pending, as indicated, a probate proceeding in Florida in which objections had been filed by Harold, alleging that his father was not competent at the time the will was executed and that he had been the subject of undue influence. Although the resolution of those issues would clearly have an effect on some of the contentions here presented that might have justified deferring trial of this action until after the completion of the Florida

proceedings, it is apparent that the issues here presented are essentially different from those that had been presented in the Florida probate proceedings.

In any event, those proceedings have been concluded, and the will has been accepted for probate. It may well be that in connection with the estate, Florida would have subject matter jurisdiction with regard to claims seeking to determine the ownership of shares of stock that Juda undertook in the probated will to bequeath to Hannah. But the fact that Florida courts may also have jurisdiction to determine the issues raised in this action is hardly a basis for concluding that New York is not a convenient forum under the circumstances presented. Moreover, it appears that no proceedings addressing the issues here presented have even been commenced in Florida, nor are we informed by any of the parties that they contemplate commencing such proceedings. If indeed an action addressing the issues presented here were to be commenced in Florida, it may be that a question of comity would then be presented which would require serious consideration on the basis of all the then-relevant considerations. But issues of comity that might arise in that contingency scarcely provide a colorable basis for concluding now that New York is not a convenient forum to entertain the action that has been commenced here under the circumstances presented.

In view of the determination of a majority of this court to affirm Special Term's dismissal of the action on the grounds of forum non conveniens, an extended discussion of the issues raised by the other motions is not warranted. I would observe briefly (1) that the third and fourth causes of action seem clearly to be dismissible as undertaking to enforce an agreement barred by the Statute of Frauds both under New York and Florida law (see, EPTL 13-2.1 [a] [2]; and Fla Stats Ann § 732.701 [1]); and (2) that, for reasons that need not be detailed, there appears no basis for dismissing, as a matter of law, any other cause of action on any of the grounds asserted.

Accordingly, the order of the Supreme Court, New York County (David H. Edwards, J.), entered November 14, 1983, and the subsequent judgment of that court entered December 12, 1983, which dismissed the complaint for forum non conveniens, should be modified to the the extent of denying the motions to dismiss pursuant to CPLR 327 and CPLR 3211 (a) (2), (4), (8), and (9), granting the motion pursuant to CPLR 3211 (a) (5) to dismiss the third and fourth causes of action as barred by the Statute of Frauds, and denying that motion as to all other causes of action, and the judgment should be modified to the extent of

striking the dismissal of the first, second, fifth and sixth causes of action and reinstating those causes of action, and should be otherwise affirmed.