■ Prime Properties USA 2011, LLC, Appellant, v Laura Richardson et al., Respondents, et al., Defendant. [44 NYS3d 18]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered September 12, 2014, which granted the motion of defendants Laura Richardson and Roland Richardson to dismiss the claims against them pursuant to CPLR 327 (a), unanimously affirmed, with costs.

Contrary to the Richardsons' contention, this appeal is not moot, even though the court in the parallel French proceeding already issued a decision on the merits after trial. If we had reversed the motion court's decision, this would have affected the parties' rights (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980])—plaintiff and the Richardsons would have been forced to litigate here.

The Richardsons moved to dismiss based on lack of personal jurisdiction and forum non conveniens. "The court should have addressed the issue of personal jurisdiction before forum non conveniens because, if a court lacks jurisdiction over a defendant, it is without power to issue a binding forum non conveniens ruling as to that defendant" (*Flame S.A. v Worldlink Intl. [Holding] Ltd.*, 107 AD3d 436, 437 [1st Dept 2013] [internal quotation marks omitted], *lv denied* 22 NY3d 855 [2013]). New York has specific personal jurisdiction over the Richardsons pursuant to CPLR 302 (a) (1) (*see e.g. George Reiner & Co. v Schwartz*, 41 NY2d 648, 653 [1977]; *Kleinfeld v Rand*, 143 AD3d 524 [1st Dept 2016]).

The court providently exercised its discretion by granting the Richardsons' forum non conveniens motion (*see e.g. Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). At its heart, this case involves real estate located in the French Antilles, not in New York (*see Regal Knitwear Co. v Hoffman & Co.*, 96 Misc 2d 605, 610-611 [Sup Ct, NY County 1978]). The court properly considered the pendency of the French action (*see World Point Trading PTE. v Credito Italiano*, 225 AD2d 153, 161 [1st Dept 1996]). "[O]ur courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York" (*Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972]).

Plaintiff's argument that this case should be remanded to a different justice is rendered academic by our affirmance and the Justice's retirement from the bench; in any event there was no evidence of bias. Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.