Keith Neil ALEXANDER, an infant By and Through Ronald George Hawes ALEXANDER and Valerie Joyce Alexander, his parents and natural guardians, and Ronald George Hawes Alexander and Valerie Joyce Alexander, individually, Plaintiffs,

v.

RICHARDSON–MERRELL INC., a Delaware corporation, Defendant.

No. 81 Civ. 3273–CLB.*

United States District Court, S. D. New York.

Feb. 1, 1982.

On Reargument Feb. 25, 1982.

Goldsmith & Tabak, P. C., New York City, Cohen & Kokus, Miami, Fla., for plaintiffs; T. Lawrence Tabak, New York City, George A. Kokus, Miami, Fla., of counsel.

Riker, Danzig, Scherer & Hyland, Morristown, N. J., Davis, Polk & Wardwell, New York City, for defendant; Peter Perretti and Susan Scott, Morristown, N. J., D. Scott Wise, New York City, of counsel.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motions fully submitted to this Court for decision on December 21, 1981, defendant in these related cases moved, after filing of the answer in all but one of the cases, for an order dismissing the complaints on the grounds of *forum non conveniens.* The convenient forum, according to defendant, would be the Courts of the United Kingdom.

While these motions to dismiss were under consideration by this Court, and after the Court had substantially drafted an opinion disposing of the motion, plaintiffs, by motions docketed January 19, 1982, returnable January 29, 1982, moved in all cases to discontinue the actions pursuant to Rule 41(a)(2), F.R.Civ.P., without prejudice, in

---

* AND ELEVEN (11) RELATED CASES BEARING DOCKET NOS. 81 Civ. 2100, 81 Civ. 3264, 81 Civ. 3266, 81 Civ. 3267, 81 Civ. 3268, 81 Civ. 3270, 81 Civ. 3271, 81 Civ. 3272, 81 Civ. 3274, 81 Civ. 3275, and 81 Civ. 3276.

order that they may be reinstituted in the Southern District of Ohio, or alternatively, to transfer to the Southern District of Ohio.

Defendant has opposed the subsequent motions for a voluntary dismissal or transfer, or alternatively asks that this Court impose costs and condition dismissal on agreement not to refile in the United States.

The motion under Rule 41(a)(2) is addressed to the discretion of the Court, while a Notice filed under Rule 41(a)(2), F.R. Civ.P., not available in these cases,[1] apparently allows a plaintiff to discontinue without prejudice at any time prior to the filing of a motion for summary judgment or an answer by which "issue is joined." This rule has been construed most favorably to plaintiffs. See generally 5 J. Moore's *Federal Practice* ¶ 41.02[3]. The numerous cases therein cited include cases where motions for a stay, or for an order directing arbitration were held not to cut off plaintiff's right to dismiss the action on its own initiative without prejudice prior to answer. Indeed, the pendency of a motion for change of venue, made under 28 U.S.C. § 1404(a), a motion certainly analogous to defendant's instant motions to dismiss for *forum non conveniens* (except that the preferred place for trial is domestic rather than foreign), has been held not to be a sufficient pleading to preclude voluntary dismissal by plaintiff without prejudice as a matter of right. *See Sheldon v. Amperex Electronics Corp.*, 449 F.2d 146 (2d Cir. 1971) and cases therein cited.

It is somewhat anomalous that procedures should exist for a litigant to "fight and then run away" merely for the purpose of living to fight another day. It also makes no sense that the filing of an "answer" by which the litigation becomes "at issue" should trigger a change in the right to discontinue, making it a discretionary privilege for the Court to withhold or allow, rather than an absolute right. In truth, the answer in a civil action is the most useless paper in the courthouse. It is clear in most cases even before a lawsuit is filed, that the defendant (usually having rejected a demand by lawyer's letter for the relief sought in the suit) intends to oppose. Answers are usually taken straight from the form book and consist mainly of boilerplate denials and traditional affirmative defenses. It adds nothing to the attributes of a lawsuit that it is "at issue."

The motions in these cases to dismiss for *forum non conveniens* have been heard by this Court. Extended oral argument took place and a significant investment of judicial time and effort has been made towards resolving this important issue. The Supreme Court had decided *Piper Aircraft Co. v. Reyno*, —— U.S. ——, 102 S.Ct. 252, 70 L.Ed.2d 419, after these motions had been filed but prior to oral argument. The importance of that decision is discussed *infra*. Suffice it to say that plaintiffs may have perceived that the motions to dismiss would be likely granted.

Defendant wishes to have these cases litigated in the United Kingdom; plaintiff would like to have them tried in New York. It is clear that New York is not a proper venue for these cases, which, if they are not to be tried in the United Kingdom, should be tried in Ohio where the defendant had its principal office at the time the actions were commenced, and where its files and records are. An argument could also be made for trial in Connecticut on the theory that that is where the first step in the tortious conduct which gave rise to the claims may have taken place. Delaware would also be proper venue.

There is no significant difference between any of these related cases. Defendant, now known as Merrell-Dow Pharmaceuticals, Inc. was originally incorporated on August 12, 1933 under the name Vick Chemical Company. On October 21, 1960 its name was changed to Richardson-Merrell, Inc. and it acquired its present name as of March 10, 1981. From its incorporation

---

1. An exception is 81 Civ. 2100 in which, apparently through inadvertence, no answer was filed.

until 1974, the principal office of defendant was located in this District. Thereafter, it had its principal office at Wilton, Connecticut until March 10, 1981 when it established its principal office in Cincinnati, Ohio. It is amenable to *in personam* jurisdiction in this District.

The Court has subject matter jurisdiction pleaded under 28 U.S.C. § 1332 based on diversity between plaintiffs as aliens and residents of the United Kingdom, and the defendant Delaware corporation, having its principal office in Ohio at the time that these actions were filed.

Defendant manufactures a prescription drug known as "Bendectin" in the United States. It is the source of an essentially similar although not identical drug sold in the United Kingdom as "Debendox." Plaintiffs allege that the American corporation sued here either designed, formulated or compounded the drug Debendox, or in the words of the complaint, "developed, marketed and promoted" it as a drug for the treatment of "morning sickness" in pregnancy, and represented it as safe for that use. It is alleged that while promoting the drug, responsible executives employed by defendant, knew and concealed the results of tests which indicated the drug to be teratogenic. An affirmative scheme of concealment of the results of medical research which indicated this difficulty with the product is alleged, as well as negligent and fraudulent misrepresentations. Claims are pleaded alternatively on some six separate legal theories, familiarity with which is assumed. In the United Kingdom, defendant acted through a subsidiary.

Each child plaintiff in these cases was born to a mother who ingested Debendox during her pregnancy pursuant to a prescription issued by a physician in the United Kingdom. The drug was obtained either from the prescribing physician, or from a pharmacy in the United Kingdom or from a similar overseas place of origin. Each plaintiff was born in the United Kingdom. Each suffered congenital disabilities allegedly as a result of the ingestion there by his or her mother of the drug Debendox.

These injuries were first diagnosed and thereafter treated within the jurisdiction of the United Kingdom.

On December 8, 1981, in *Piper Aircraft Co. v. Reyno, supra*, the Supreme Court reconsidered the issues concerning claims of *forum non conveniens* citing with approval its prior decisions in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and its companion case *Koster v. Lumberman's Mutual Casualty Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

The rule under *Gilbert* and *Koster*, reiterated in *Piper Aircraft* is that the trial court "may in the exercise of its sound discretion dismiss the case" when the "chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Piper Aircraft*, —— U.S. at ——, 102 S.Ct. at 258.

In *Gilbert* the court provided a list of "private interest factors" affecting the convenience of *litigants*, and a separate list of "public interest factors" affecting the convenience of the *forum*. As noted in footnote 6 of *Piper Aircraft*, the public factors bearing on the issue included "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home;' the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty."

While the factors pertaining to the private interests of the litigants held to be relevant to the exercise of judicial discretion in *Gilbert* and reaffirmed again in *Piper Aircraft*, do not vary in any significant fashion between Southern New York and Southern Ohio, many, if not all of these "public factors bearing on the question" are localized, and by their nature apply specifically and only to the proposed American place of trial. The public factors are therefore more clearly within the direct knowledge of the forum court, that is to say, the United States District Court for the Southern District of Ohio.

This Court believes that the necessary judicial determination as to whether the relevant *public* interests point strongly towards dismissal for *forum non conveniens* should, as a matter of justice and proper judicial administration, more properly be made in that district which will be proper venue for trial if the motion to dismiss for *forum non conveniens* is denied. The Court holds this view notwithstanding the fact that this District is the forum selected by plaintiffs (because their American lawyer has his office here); defendant made no motion for a change of venue to the Southern District of Ohio; and the motions to dismiss have already been heard here. It is appropriate to defer to the District Court of Ohio on these important issues within its special expertise, just as it was held proper, in *Factors, etc. v. Pro Arts, Inc.*, 652 F.2d 278 (2d Cir. 1981) for a panel of the Second Circuit, exercising its diversity jurisdiction, to defer to the opinion of the Sixth Circuit declaring the common law of Tennessee, a state within its circuit, although that opinion conflicted with its own views and its own prior holdings on the same point, there being no authoritative precedent on the point in the opinions of the Supreme Court of Tennessee.

No practical purpose is served in permitting voluntary dismissal of actions where the parties seeking such voluntary dismissal admit to a present intention to refile the actions in another federal district court. Since venue in this District is clearly improper, and because this Court believes that a district judge sitting in a proper forum for the trial of these cases, if they are not dismissed for *forum non conveniens*, is in a better position than we are to assess the public interest factors which impinge upon the discretionary decision to dismiss or not for *forum non conveniens*, the motions by plaintiffs in each of these related actions are hereby granted to the extent of transferring the venue in each of these actions to the Southern District of Ohio.

The pending motions to dismiss for *forum non conveniens* may be renewed, on additional papers which will also address the public interest factors applicable to the District Court of the Southern District of Ohio in accordance with *Piper Aircraft, supra*, following receipt by the Clerk of that district court of the files and copies of the docket sheet in each of the above cases.

The Court hereby directs the Clerk of the Southern District of New York to forward the original filed papers, together with a certified copy of the docket sheet of this Court in each of the above actions, to the United States District Court for the Southern District of Ohio. No purpose will be served by the imposition of costs and the Court declines to do so.

So Ordered.

## ON REARGUMENT

Familiarity with this Court's Memorandum and Order dated February 1, 1982 is assumed. Reargument has been had at the instance of defendant. Upon reargument it appears that the Memorandum and Order should be modified. That modification, however, does not change the disposition of the motions.

In our February 1st Memorandum and Order the Court found that these cases, including the pending motions to dismiss for *forum non conveniens*, should be heard in the Southern District of Ohio, for the convenience of counsel and in the interests of justice. This finding should have been denoted as being made pursuant to 28 U.S.C. § 1404(a), and is modified now to do so.

Clearly this Court has *in personam* jurisdiction in this district over the defendant corporation because it regularly conducts business in the district. In light of this fact and in accordance with the provisions of 28 U.S.C. § 1391(c), this district is also the "residence" of the defendant corporation for venue purposes. So much of the Memorandum and Order dated February 1, 1982 which suggests or states that venue in this district was "improper" is incorrect, and

was intended to be read as "inconvenient." Therefore, the transfer of these actions to the Southern District of Ohio cannot be effected pursuant to 28 U.S.C. § 1406(a), which applies only to cases where venue is improper in the district where the action was filed.

This Court, however, adheres on reargument to its essential finding that the interests of justice require that the trial, if there is to be one in any federal district court, be held in the Southern District of Ohio, and also that the discretionary determination of whether dismissal is proper on the ground of *forum non conveniens* within the rubric of *Piper Aircraft Co. v. Reyno*, —— U.S. ——, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), should be resolved in that district court.

The initial perception of the reader might well be that the error in this Court's February 1, 1982 Memorandum and Order now being corrected is trivial. Defendant, however, expresses a reasonable concern that it might, absent correction on reargument, be deprived of its right, if any, under the doctrine of *VanDusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), if this Court did not identify 28 U.S.C. § 1404(a) as the statute under which the transfer of these actions was being effected. Defendant argues, *inter alia*, that *VanDusen* and its progeny require that the law of the transferor district must be applied by the transferee court, whenever transfer of the action is effected under § 1404(a).

Accordingly, defendant also now asserts that this Court should decide defendant's motions to dismiss for *forum non conveniens* prior to effecting transfer under § 1404(a), since it would be unduly burdensome for the Ohio district court to apply New York principles of law to this question of dismissal on the grounds of *forum non conveniens*.

Contrary to the defendant's assertion, however, *Piper Aircraft, supra*, does not require this conclusion. The principles involved, and the findings of fact to be made in order to apply the discretionary doctrine

of *forum non conveniens* as expounded in *Piper Aircraft* would, in logic, seem to be controlled by federal decisional law, uniform in all districts. This Court has not overlooked the caveat contained in fn. 13 in *Piper Aircraft*, which reads in relevant part:

> "In previous *forum non conveniens* decisions, the Court has left unresolved the question whether under *Erie R. v. Tompkins*, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188] (1938), state or federal law of *forum non conveniens* applies in a diversity case. [Citations omitted]. The Court did not decide this issue because the same result would have been reached in each case under federal or state law. The lower courts in this case reached the same conclusion: Pennsylvania and California law on *forum non conveniens* dismissals are virtually identical to federal law. [Citation omitted]. Thus, here also, we need not resolve the *Erie* question."

This Court cannot perceive a true *Erie* question here, and believes that if the *Erie* issue is ever reached on the point of *forum non conveniens*, the Supreme Court would conclude that any decision of the discretionary issue of *forum non conveniens* in a federal forum presents a federal question. Such a conclusion becomes apparent upon review of the nature of the factors enumerated in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and its companion case, *Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), which were recently restated in *Piper Aircraft, supra*, —— U.S. at ——, n. 6, 102 S.Ct. at 258, n. 6:

> "The factors pertaining to the private interests of the litigants included the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious,

and inexpensive.' [*Gulf Oil Corporation v.*] *Gilbert, supra,* [330 U.S. 501] at 508 [67 S.Ct. 839, at 843, 91 L.Ed. 1055]. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at 509 [67 S.Ct. at 843]."

Most of the "public interest factors" affecting the convenience of the forum relate peculiarly to the *court* in which the case is pending, rather than to the state in which that federal court is located. For example, consideration of administrative difficulties, such as court congestion or burdens on juries, may differ markedly depending on whether it be a federal court or a state court in the same federal district. Such difficulties confronting a federal district court at a given time and place are not necessarily related to nor affected by similar difficulties found in the state court. Were the issue of *forum non conveniens* ever construed under the *Erie* doctrine to present a matter of state law, the federal court of necessity would be required to examine the interrelationship of the public interest factors between the federal and state courts. This would be contrary to and inconsistent with the learning flowing from *Gilbert, Koster* and *Piper Aircraft,* and might well produce conflicting results in different districts.

Moreover, were a federal court in this instance required to apply the forum state's doctrine surrounding resolution of the discretionary issue presented by a *forum non conveniens* motion, it might well find itself "conducting complex exercises in comparative law" which the doctrine of *forum non conveniens* was designed to avoid. *Piper*

*Aircraft, supra* —— U.S. at ——, 102 S.Ct. at 263.

New York law affecting *forum non conveniens* has not been researched or relied upon by defendant here. Effective September 1, 1972, New York departed from a long tradition, and adopted New York C.P. L.R. Rule 327 (McKinney Supp. 1981–82) which reads as follows:

"When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action."

The last sentence of the Rule changed pre-existing law. *See, e.g., Varkonyi v. S. A. Empresa de Viacaro A. R. G.,* 22 N.Y.2d 333, 338, 292 N.Y.S.2d 670, 239 N.E.2d 542 (1968), decided prior to the amendment, where the New York Court of Appeals cited *Gilbert* with approval as setting forth the criteria to be considered in applying the doctrine of *forum non conveniens,* and *Silver v. Great American Insurance Co.,* 29 N.Y.2d 356, 328 N.Y.S.2d 398, 278 N.E.2d 619 (1972), which reaffirmed this principle.

However, whether the issue of *forum non conveniens* in a federal forum is a federal question need not be decided at this time. Since this Court is not ruling on the motions to dismiss for *forum non conveniens,* we must leave any legal issue involving possible application of *Erie* principles to the transferee court.

Cases cited in support of defendant's present contention that this Court *must* decide the motions to dismiss for *forum non conveniens* before transfer to the Southern District of Ohio appear inapposite. *See, e.g., INA v. Ozean,* 367 F.2d 224 (5th Cir. 1966). In these instant cases, assuming the *forum non conveniens* motions "could just as conveniently have been asserted" in this forum, *id.* at 226, as they indeed were asserted, this does not suggest or even require that these motions must be *decided* in the

forum where asserted. *See also*, 1 Moore, *Federal Practice* ¶ 0.145[4.–5], which states:

"When the venue is proper in the transferor district, and service can be obtained there, there appears to be no technical reason why the transfer might not be made .... In such a case, then, it appears that the *VanDusen* rule should apply after such a transfer ...."

This Court agrees that the rule of *Van-Dusen v. Barrack* will apply. *See Martin v. Stokes*, 623 F.2d 469 (6th Cir. 1980). These cases, if tried in Ohio, will clearly carry with them New York substantive tort law and New York conflict or choice-of-law rules as to the substantive tort law. This will not present an unduly burdensome or complex exercise in comparative law for that court. In my view, in deciding the issue of *forum non conveniens*, the District Court in Ohio need not go beyond its own consideration of the private and public factors enumerated in *Piper Aircraft* and its predecessor federal cases. The public factors are peculiarly within the reach of that Court. No recourse to the New York law of *forum non conveniens* will be necessary.

The Memorandum and Order dated February 1, 1982 is modified and corrected on reargument in accordance with the foregoing. The prior disposition is adhered to. The stay of the order of this Court made February 1, 1982 is vacated, and the Clerk of the Court is directed to proceed forthwith in effectuating the transfer of these cases to the United States District Court for the Southern District of Ohio.

So Ordered.