VSL Corporation, Respondent, v Dunes Hotel and Casinos, Inc., Appellant.

First Department, May 7, 1987

## APPEARANCES OF COUNSEL

*Howard M. Sommers* of counsel *(Karp & Sommers,* attorneys), for appellant.

*Andrew L. Deutsch* of counsel *(Milgrim Thomajan Jacobs* and *Lee Professional Corporation,* attorneys), for respondent.

## OPINION OF THE COURT

ROSENBERGER, J.

Plaintiff-respondent, a California corporation with its principal place of business in Los Gatos, California, entered into a construction agreement with M & R Investment Co., Inc., a Nevada corporation and subsidiary of defendant-appellant herein, to add a new wing to appellant's casino in Las Vegas. Appellant, a New York corporation, gave respondent a written guarantee of M & R's "prompt, complete and unconditional performance" of the construction agreement. The guarantee, by its terms, is to be governed and construed according to Nevada law, as is the construction agreement. In December 1981, appellant and respondent entered into an addendum to the construction agreement pursuant to which all sums due to respondent were secured by a deed of trust for certain real property located in Nevada and the pledge of 250,000 shares of appellant's common stock, then valued in excess of $15 per share. In the event the market price per share fell below this amount, appellant was obligated to pledge additional shares of its stock or provide other collateral so that the value of the security held by respondent would be equal to $5,000,000.

In December 1982, the market price of appellant's common stock fell below $15 per share. Appellant then gave respondent a second deed of trust on real property located in San Diego, California. This deed of trust was subordinate to a prior lien held by the Sun Savings and Loan Association of San Diego. In April 1983, appellant made a payment of $13,500,000 to respondent who then released the first deed of trust it held on the Nevada property. However, respondent retained the pledged shares of appellant's stock and the second deed of trust on the California property. The market price of appellant's stock continued to drop and respondent demanded additional security. When no new security was forthcoming,

respondent instituted this action by service of a summons and complaint on February 27, 1984, seeking specific performance of the guarantee and construction agreement in addition to injunctive relief.

On March 7, 1984, the senior lienor sold the California property at a nonjudicial foreclosure sale to respondent, the highest bidder, for $1,620,000. Thereafter, in October 1985, respondent moved to amend the complaint to add a cause of action for money damages and for attorneys' fees. Appellant cross-moved to dismiss the complaint.

In moving to dismiss, appellant raised the California period of limitation on deficiency judgments. Respondent countered that Nevada law, which governs the guarantee agreement, provides the applicable period of limitations. However, while this appeal was pending, that State's highest court overruled its prior decisions and held that the Nevada period of limitation on deficiency judgments could be asserted as a defense to an action on a guarantee contract *(First Interstate Bank v Shields*, — Nev —, 730 P2d 429 [Dec. 23, 1986, Per Curiam]). Respondent attempts to distinguish *Shields (supra)* based on policy concerns which, it maintains, are absent here. Alternatively, respondent argues that *Shields* should not be applied retroactively and, in any event, is inapplicable here because the proposed amended complaint simply adds a claim for money damages based on appellant's obligations under the guarantee and is not an action for a deficiency judgment. In that case, Nevada's six-year period of limitation for actions on an obligation evidenced by a writing (Nev Rev Stat § 11.190) applies. Consequently, the most appropriate forum for resolution of this dispute remains open to respondent.

We do not reach the merits of the decision below, but dismiss the complaint *sua sponte,* on the ground of forum non conveniens. Apart from the fact that appellant is a domestic corporation, the transaction at issue herein has no other substantial tie to this State which would warrant adjudication in New York's courts. The doctrine of forum non conveniens exists for the convenience of both the parties and the court *(Silver v Great Am. Ins. Co.,* 29 NY2d 356, 361). It is a flexible doctrine which requires the court, in the exercise of its discretion, to determine whether it should retain jurisdiction or not *(Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 478-479 [1984]). Where, as here, an action which has only minimal contact with the State is instituted in New York, the court is not obliged to await the motion of counsel but may invoke the

doctrine *sua sponte (Royal China v Regal China Corp.,* 304 NY 309, 312 [1952]; *see also, Regal Knitwear Co. v Hoffman & Co.,* 96 Misc 2d 605 [Sup Ct, NY County 1978, Egeth, J.]; *Wachsman v Craftool Co.,* 77 Misc 2d 360 [Sup Ct, NY County 1973, Stecher, J.]). The New York domicile or residence of a party does not prevent the court from dismissing the complaint if, in the interest of substantial justice, the action should be heard in another forum (CPLR 327 [a]). Among the factors to be considered in making this determination are the burden on New York courts, the inconvenience to the parties and the court, the nature of the relief sought and the availability of another forum *(Islamic Republic of Iran v Pahlavi, supra,* at 479).

Although the court has jurisdiction in this case, there is nothing in the nature of the legal and equitable relief sought by respondent which compels New York to exercise its jurisdiction. Even though respondent seeks to enjoin any vote at future meetings of appellant's shareholders until additional shares of appellant's stock are provided as security—a remedy which would affect the internal affairs of this domestic corporation—this does not alter our conclusion that Nevada is a more appropriate forum for resolution of this dispute. In *Broida v Bancroft* (103 AD2d 88, 91 [2d Dept 1984]), it was held that an action concerning the internal affairs of a foreign corporation should be entertained by this State's courts "unless the same factors that would lead to dismissal under *forum non conveniens* principles suggest that New York is an inconvenient forum". We find the inverse of this proposition equally correct: that a foreign court may entertain a suit concerning the internal affairs of a New York corporation where the forum non conveniens analysis indicates that it is the most appropriate forum. That analysis requires a consideration of both private interest factors and public interest factors.

These latter concerns include the appropriateness of having a court "that is at home with the state law that must govern the case", rather than a court "in some other forum untangle problems in conflict of laws, and in law foreign to itself" *(Gulf Oil Corp. v Gilbert,* 330 US 501, 509). This is not an instance where purely fortuitous circumstances have subjected the transaction at issue to foreign law; it was the express choice of the parties. That law is now undergoing change and is, therefore, even more difficult for a New York court to apply with certainty. Having chosen Nevada law to govern their agreements, the parties should adjudicate their dispute in that

State which is still available as a forum and which has a substantial interest in declaring their rights and obligations in an evolving area of Nevada law.

Accordingly, the order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered June 17, 1986, which granted plaintiff-respondent's motion for leave to amend its complaint and denied defendant-appellant's cross motion for summary judgment, should be reversed, on the law and the facts, and in the exercise of discretion, and the complaint, *sua sponte,* dismissed on grounds of forum non conveniens, with costs.

KUPFERMAN, J. P., KASSAL, ELLERIN and SMITH, JJ., concur.

Order, Supreme Court, New York County, entered on June 17, 1986, unanimously reversed, on the law and the facts, and in the exercise of discretion, and the complaint, *sua sponte,* dismissed on the grounds of forum non conveniens. Appellant shall recover of respondent $75 costs and disbursements of this appeal.