■ TRACY RUSSEK, Appellant, v DAG MEDIA INC., Respondent. [851 NYS2d 399]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered May 3, 2006, awarding defendant the principal sum of $8,055 in attorney fees following dismissal of the amended complaint, unanimously affirmed, without costs. Judgment, same court and Justice, entered August 15, 2006, awarding defendant an additional principal sum of $2,062.50 in attorney fees after denial of plaintiff's motion for reargument and renewal, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 28, 2006, which, to the extent appealable, denied plaintiff's motion for renewal, unanimously dismissed, without costs, as subsumed in the appeal from the August 15 judgment.

Plaintiff commenced this action on July 22, 2005, alleging defendant had terminated her employment on July 18, 2003, in retaliation for her refusal to commit illegal and unethical acts. Defendant moved under Labor Law § 740 to dismiss the complaint as barred by the one-year statute of limitations and for failure to state a claim, together with a request for attorneys fees. In response, plaintiff served an amended complaint clarifying that the action was "strictly for prima facie tort and no other cause of action," i.e., the commission of willful acts without reasonable or probable cause or legal or social justification. Defendant then moved to dismiss the amended complaint on the same grounds as originally asserted.

As New York does not recognize a tort for wrongful discharge from an employment at will (*see Horn v New York Times*, 100 NY2d 85 [2003]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305 [1983]), and no discriminatory motive is alleged, the only possibly viable claim was one for retaliatory discharge under Labor Law § 740. Despite plaintiff's failure to reference the Labor Law in her complaint, the intent to bring a whistleblower action is clear. But because this action was commenced more than a year after plaintiff's termination, the complaint was properly dismissed as time-barred (Labor Law § 740 [4] [a]).

Plaintiff's recasting of her pleadings could not revive her claim, inasmuch as no cause of action for prima facie tort is available in a wrongful discharge context (*see Murphy*, 58 NY2d at 303-304; *Ullmann v Norma Kamali, Inc.*, 207 AD2d 691 [1994]). Moreover, a cause of action for prima facie tort is governed by a one-year statute of limitations and thus would also be time-barred under these circumstances (*see Havell v Islam*, 292 AD2d 210 [2002]). As both complaints were without

basis in law and fact, the court acted within its discretion in awarding reasonable attorneys' fees and costs (Labor Law § 740 [6]).

The renewal motion was properly denied as plaintiff did not offer reasonable justification for her initial failure to submit documentation (*see* CPLR 2221 [e] [3]), which would not have cured the untimely commencement in any event. Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.