■ MARTIN WEINSTEIN, Appellant, v CITY OF NEW YORK et al., Respondents. [959 NYS2d 433]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered November 7, 2011, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

A claim for prima facie tort cannot be asserted by an at-will employee to avoid this State's rule that a wrongful termination claim is not available to him (*Russek v Dag Media Inc.*, 47 AD3d 457 [1st Dept 2008]). Nor may plaintiff avoid the defects in his defamation claim by recasting the claim as one for prima facie tort (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]). As plaintiff withdrew his defamation claim during oral argument of the motion, his request for discovery to enable him to replead it is not properly before us. Were we to consider the request, we would deny it, because plaintiff failed to show that he has a valid claim for defamation; he may not use discovery—

either pre-action or pretrial—to remedy the defects in his pleading (*see Liberty Imports v Bourguet*, 146 AD2d 535, 536 [1st Dept 1989]; *Chappo & Co., Inc. v Ion Geophysical Corp.*, 83 AD3d 499, 500-501 [1st Dept 2011]). The fraudulent inducement claim is pleaded without the requisite specificity (*see* CPLR 3016 [b]), since it alleges only that plaintiff was "led to believe" that defendants would not interfere with his subsequent job search, and fails to identify any statement by defendants or any speaker (*see MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287, 295 [1st Dept 2011]). Concur—Tom, J.P., Moskowitz, Richter, Manzanet-Daniels and Clark, JJ. **[Prior Case History: 2011 NY Slip Op 32929(U).]**