[12 NE3d 456, 989 NYS2d 458]

MASHREQBANK PSC, Appellant, v AHMED HAMAD AL GOSAIBI & BROTHERS COMPANY, Defendant and Third-Party Plaintiff-Respondent. MAAN ABDUL WAHEED AL-SANEA, Third-Party Defendant-Appellant, et al., Third-Party Defendant.

Argued February 19, 2014; decided April 8, 2014

130

**POINTS OF COUNSEL**

*Cleary Gottlieb Steen & Hamilton LLP*, New York City (*Carmine D. Boccuzzi, David E. Brodsky, Liana Roza Vitale* and *Danielle J. Levine* of counsel), for appellant. I. The Appellate Division decision conflicts with *Islamic Republic of Iran v Pahlavi* (62 NY2d 474 [1984]) because a purported lack of alternative forum is not a bar to dismissal for forum non conveniens. (*Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 41 AD3d 25; *Piper Aircraft Co. v Reyno*, 454 US 235; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171.) II. The mere fact that electronic funds flowed through a New York bank account in connection with an otherwise wholly foreign dispute

does not compel New York courts to hear the case. (*J. Zeevi & Sons v Grindlays Bank [Uganda]*, 37 NY2d 220; *Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574; *Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327; *Silver v Great Am. Ins. Co.*, 29 NY2d 356.) III. The Appellate Division's incorrect choice of law analysis further contributed to its erroneous reversal of the Supreme Court. (*Banco Nacional Ultramarino v Chan*, 169 Misc 2d 182, 240 AD2d 253; *Schultz v Boy Scouts of Am.*, 65 NY2d 189.) IV. The Appellate Division erred in concluding that the bar on sua sponte dismissals for forum non conveniens applied here. (*VSL Corp. v Dunes Hotels & Casinos*, 70 NY2d 948; *Imperial Imports Co. v Neu & Sons*, 161 AD2d 411; *Matter of Smith v Miller*, 237 AD2d 294; *Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137.) V. In the alternative, the Appellate Division abused its discretion. (*Patriot Exploration, LLC v Thompson & Knight LLP*, 16 NY3d 762.)

*Gibson, Dunn & Crutcher LLP*, New York City (*Robert F. Serio, Gabriel Herrmann* and *Christopher Muller* of counsel), for third-party defendant-appellant. I. The Appellate Division's application of the forum non conveniens factors to this case was predicated on fundamental legal errors. (*Martin v Mieth*, 35 NY2d 414; *Silver v Great Am. Ins. Co.*, 29 NY2d 356; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474; *Mensah v Moxley*, 235 AD2d 910; *Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd.*, 9 AD3d 171; *Wentzel v Allen Mach.*, 277 AD2d 446; *World Point Trading PTE. v Credito Italiano*, 225 AD2d 153; *P.T. Delami Garment Indus. v Cassa di Risparmio di Torino*, 164 Misc 2d 38; *A & M Exports v Meridien Intl. Bank*, 207 AD2d 741; *Troni v Banca Popolare Di Milano*, 129 AD2d 502.) II. The Appellate Division erred in holding that the dismissal of the first-party claims was an improper sua sponte act. (*Sosa v Cumberland Swan*, 210 AD2d 156; *Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137; *Matter of Smith v Miller*, 237 AD2d 294; *VSL Corp. v Dunes Hotels & Casinos*, 70 NY2d 948; *Todtman, Young, Tunick, Nachamie, Hendler, Spizz & Drogin v Richardson*, 231 AD2d 1; *Matter of Bernz [Widschi]*, 139 AD2d 444; *Imperial Imports Co. v Neu & Sons*, 161 AD2d 411; *Kearns v Johnson*, 238 AD2d 121; *Martin v Mieth*, 35 NY2d 414; *Matter of Birchwood Vil. LP v Assessor of the City of Kingston*, 94 AD3d 1374.) III. Alternatively, the Appellate Division should have affirmed dismissal of the third-party case against Maan Abdul Waheed Al-Sanea for lack of personal jurisdiction. (*Copp v Ramirez*, 62 AD3d 23; *de Capriles v Lugo*, 293 AD2d 405; *Johnson v Ward*, 4 NY3d 516; *PDK Labs, Inc. v G.M.G. Trans W. Corp.*, 101 AD3d

970; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539; *Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327.)

*Lewis Baach PLLC*, Washington, D.C. (*Bruce R. Grace* and *Eric L. Lewis* of counsel), for respondent. I. The Appellate Division properly determined that Ahmed Hamad Al Gosaibi & Brothers Company's third-party complaint should not be dismissed on forum non conveniens grounds. (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474; *Piper Aircraft Co. v Reyno*, 454 US 235; *Banco Nacional Ultramarino v Chan*, 169 Misc 2d 182, 240 AD2d 253; *J. Zeevi & Sons v Grindlays Bank [Uganda]*, 37 NY2d 220; *Wells Fargo Asia Ltd. v Citibank, N.A.*, 936 F2d 723; *Indosuez Intl. Fin. B.V. v National Reserve Bank*, 279 AD2d 408, 98 NY2d 238; *Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574; *Licci v Lebanese Can. Bank, SAL*, 20 NY3d 327; *American BankNote Corp. v Daniele*, 45 AD3d 338.) II. The Appellate Division correctly concluded that Supreme Court engaged in improper sua sponte action in dismissing the first-party claims. (*VSL Corp. v Dunes Hotels & Casinos*, 70 NY2d 948; *Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450; *D'Ambrosio v City of New York*, 55 NY2d 454; *Daniels v City of New York*, 7 NY3d 825; *Hecht v City of New York*, 60 NY2d 57; *Mahmood v Gutman*, 81 AD3d 792; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473; *Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137; *Matter of Smith v Miller*, 237 AD2d 294; *Imperial Imports Co. v Neu & Sons*, 161 AD2d 411.) III. The court had personal jurisdiction over Maan Abdul Waheed Al-Sanea. (*J. Zeevi & Sons v Grindlays Bank [Uganda]*, 37 NY2d 220.)

**OPINION OF THE COURT**

Smith, J.

We held in *VSL Corp. v Dunes Hotels & Casinos* (70 NY2d 948 [1988]) that it was error for the Appellate Division to dismiss a complaint sua sponte on forum non conveniens grounds, adding that such a dismissal may occur "only upon the motion of a party" (*id.* at 949). Here, though no party formally moved to dismiss plaintiff's complaint because of the inconvenience of the forum, the issue was briefed and argued at Supreme Court. We hold that *VSL* did not bar the court from dismissing the complaint under these circumstances. We also hold that, on this record, Supreme Court was correct as a matter of law in dismissing both the complaint and the third-party complaint.

I

The case arises out of a transaction between Mashreqbank PSC (Mashreq), a bank located in Dubai, United Arab Emirates, and Ahmed Hamad Al Gosaibi & Brothers Company (AHAB), a partnership with its headquarters in Khobar, Saudi Arabia. According to Mashreq's complaint, Mashreq and AHAB agreed to a "foreign exchange swap transaction of US Dollars for Saudi Arabian riyals." Mashreq agreed to, and did, transfer $150 million to AHAB on April 28, 2009, wiring the money to AHAB's account at Bank of America in New York. AHAB, according to Mashreq, agreed to pay Mashreq an equivalent value in riyals on May 5, 2009, but the riyals were not paid.

Mashreq sued AHAB to collect the alleged debt. It chose to do so in New York Supreme Court, believing (mistakenly, as it turned out) that it would be able to reach AHAB assets here. AHAB filed an answer (including a counterclaim) and a third-party complaint, naming as third-party defendants a citizen of Saudi Arabia, Maan Abdul Waheed Al-Sanea (Al-Sanea), and Awal Bank BSC (Awal), a bank, headquartered in the Kingdom of Bahrain, that Al-Sanea controlled. AHAB's pleading alleged that Al-Sanea, an AHAB employee, had "engaged in a massive scheme to loot AHAB"; that the purported foreign exchange transaction on which Mashreq sued was part of that scheme; and that by participating in that and other corrupt transactions Mashreq had aided and abetted Al-Sanea's fraud. AHAB also alleged that the $150 million paid by Mashreq had been transferred at Al-Sanea's direction from Bank of America to Awal's account at the New York branch of another bank.

Al-Sanea moved to dismiss the third-party complaint on the ground of forum non conveniens. (Awal is said to be insolvent, and did not participate in the motion practice below or in this appeal.) No forum non conveniens motion was addressed to Mashreq's complaint. During an oral argument on another motion, however, Supreme Court suggested that, if the forum non conveniens argument had merit, it would require dismissal of the whole case. The court directed the parties to brief and argue the forum non conveniens issue, which they did. Mashreq, though it had originally chosen New York as a forum, said that, having found no AHAB assets in New York, it had "no objection" to a forum non conveniens dismissal. AHAB, however, argued that the case should remain in New York, while Al-Sanea urged the court to dismiss the entire action. Supreme Court

dismissed both the complaint and the third-party complaint on forum non conveniens grounds (2010 WL 9535130 [2010]).

The Appellate Division, with two Justices dissenting, reversed (*Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co.*, 101 AD3d 1 [1st Dept 2012]). It held that CPLR 327 (a), as interpreted in *VSL*, prohibited the dismissal of the main action on forum non conveniens grounds in the absence of a motion seeking that relief. It also concluded that the dismissal of the third-party complaint was an improvident exercise of discretion. In reaching the latter ruling, the Appellate Division majority gave great weight to the use of New York banks to accomplish the dollar transfers from Mashreq to AHAB and from AHAB to Awal. Relying on *J. Zeevi & Sons v Grindlays Bank (Uganda)* (37 NY2d 220 [1975]), the court observed "that New York has a compelling interest in the protection of the native banking system from misfeasance or malfeasance" (*id.* at 8). The Appellate Division also relied on its view that, if the allegations in the third-party complaint were accepted as true, the third-party claim would be governed by New York law (*id.* at 13).

The Appellate Division dissenters concluded that Supreme Court "did not exceed its authority and providently exercised its discretion" in dismissing the whole case (*id.* at 13 [Andrias, J., dissenting]). The dissent found *VSL* distinguishable because the parties here had the opportunity to litigate the forum non conveniens issue (*id.* at 14-16). The dissent also found *Zeevi* to be distinguishable because the repudiation of the obligation at issue in the *Zeevi* lawsuit occurred in New York (*id.* at 19). By contrast, the dissenters found that the New York "contact" here was "peripheral and transitory"—i.e., all that happened was that "the proceeds of Al Sanea's fraudulent scheme passed through the New York banking system" (*id.* at 19).

The Appellate Division granted Mashreq (now arguing for the dismissal of its own complaint) and Al-Sanea leave to appeal, certifying the question of whether its order was properly made. We answer the question in the negative, and reverse.

## II

The forum non conveniens doctrine is codified in CPLR 327 (a), which says in relevant part:

> "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court, *on the motion of any party,*

may stay or dismiss the action in whole or in part on any conditions that may be just'' (emphasis added).

We said in *VSL* that under this statute "a court may stay or dismiss an action in whole or in part on forum non conveniens grounds only upon the motion of a party; a court does not have the authority to invoke the doctrine on its own motion" (70 NY2d at 949). But *VSL* was very different from the present case. It was a suit by a California plaintiff against a New York defendant that had guaranteed the performance of a construction contract to be performed in Nevada. The defendant moved to dismiss the complaint on statute of limitations grounds, Supreme Court denied the motion, and the defendant appealed to the Appellate Division (*see VSL Corp. v Dunes Hotel & Casinos*, 128 AD2d 23 [1st Dept 1987]). Nothing in either of the published opinions in the case suggests that the doctrine of forum non conveniens was mentioned by any party, either in Supreme Court or in the Appellate Division. Rather, the Appellate Division itself raised the issue, saying:

> "We do not reach the merits of the decision below, but dismiss the complaint *sua sponte*, on the ground of forum non conveniens" (128 AD2d at 25).

We in turn reversed the Appellate Division, saying that it "acted outside of its authority in *sua sponte* dismissing the complaint on forum non conveniens grounds" (70 NY2d at 949). Our opinion in *VSL* is a one sentence memorandum, but the rationale for it seems evident: there is an obvious potential for unfairness when an appellate court dismisses a case on the basis of an issue that no party has raised or addressed. *VSL* holds that CPLR 327 (a)'s requirement of a "motion" prohibits such a potentially unfair procedure.

■ There was no similar risk of unfairness in what happened here. While the idea of dismissing the main complaint on forum non conveniens grounds was first mentioned by the Supreme Court Justice, he gave the parties a full opportunity to address the issue—indeed, he asked them to do so. Al-Sanea argued in favor of dismissing the complaint on forum non conveniens grounds, though he did not serve motion papers seeking that relief. We see no reason to read CPLR 327 (a) as prohibiting a forum non conveniens dismissal where only the formality of a document labeled "notice of motion" was lacking, and where AHAB, the only party opposed to dismissal, neither objected to nor was prejudiced by the omission of that formality.

## III

In general, a decision to grant or deny a motion to dismiss on forum non conveniens grounds is addressed to a court's discretion (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 484 [1984]), and we will review it only to decide whether discretion has been abused. But where an Appellate Division decision is premised on errors of law, this Court does not defer to it. Here, the Appellate Division's decision to reverse the dismissal of AHAB's third-party complaint against Al-Sanea was affected by two errors of law.

First, the Appellate Division erroneously read *Zeevi* as holding that any passage of funds through New York banks automatically implicates New York's "compelling interest in the protection of [its] banking system," and thus provides a weighty argument against a forum non conveniens dismissal (101 AD3d at 8). Our state's interest in the integrity of its banks is indeed compelling, but it is not significantly threatened every time one foreign national, effecting what is alleged to be a fraudulent transaction, moves dollars through a bank in New York. Indeed, the parties here agree that, as a practical matter, any dollar transaction comparable in size to the one now at issue must go through New York (*see* Edmund M. A. Kwaw, Law & Practice of Offshore Banking & Finance at 19 [1996] ["all wholesale international transactions involving the use of the dollar go through CHIPS," which is a department of the New York Clearing House Association (footnote omitted)]). That does not mean that every major fraud case in the world in which dollars are involved belongs in the New York courts. New York's interest in its banking system "is not a trump to be played whenever a party to such a transaction seeks to use our courts for a lawsuit with little or no apparent contact with New York" (*First Union Natl. Bank v Paribas*, 135 F Supp 2d 443, 453 [SD NY 2001]).

*Zeevi* does not suggest otherwise. That was a choice of law case, not a forum non conveniens case. It involved a letter of credit issued by a Ugandan bank in favor of an Israeli partnership and payable at First National City Bank in New York. The issuing bank refused to pay, relying on directives issued under the authority of the Ugandan government to the effect that foreign exchange could not be allocated in favor of Israeli companies. In a suit by the letter of credit's beneficiary, we held that New York, not Ugandan, law governed the bank's obligation because the cause of action arose in New York: "New York was the locus of repudiation, whereas it should have been a site

of payment" (37 NY2d at 226). It was in that context that we emphasized New York's strong interest as "a financial capital of the world, serving as an international clearinghouse and marketplace for a plethora of international transactions" (*id.* at 227). *Zeevi* should not be read to imply that every party aggrieved by the outcome of one among that "plethora" may bring its grievance to the New York courts.

Secondly, the Appellate Division erred in concluding that the allegations in the third-party complaint, taken as true, would require the application of New York law to AHAB's claims against Al-Sanea. We can see no reason why New York law should be applied to any issue likely to arise in the litigation of the third-party claim. That claim is a suit by a Saudi Arabian company against its employee, a Saudi citizen who allegedly committed fraudulent acts in Saudi Arabia. Under New York's "interest analysis" approach courts seek "to effect the law of the jurisdiction having the greatest interest in resolving the particular issue" (*Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]; *see also Edwards v Erie Coach Lines Co.*, 17 NY3d 306, 320 [2011]), which in the typical case will be either the jurisdiction where the tort occurred or the domicile of one or more of the parties (*Cooney*, 81 NY2d at 72). Here, Saudi Arabia is the domicile and residence of both parties and the place where the allegedly tortious conduct occurred. The jurisdiction with the greatest interest in resolving the issues likely to arise on AHAB's claim against Al-Sanea is clearly Saudi Arabia.

## IV

Having concluded that the Appellate Division erred in its rulings both on the main claim and the third-party claim, we must decide the appropriate corrective action. If this were a case in which either result could be reached in a sound exercise of discretion, we would remit to the Appellate Division for reconsideration under the correct legal principles. This case, however, is one of the relatively uncommon ones in which dismissal on forum non conveniens grounds is required as a matter of law.

Apart from the use of New York banks to facilitate dollar transfers—a fact which, as we have said, is of minor importance here—we see nothing in this case to justify resort to a New York forum. No party is a New York resident; no relevant conduct apart from the execution of fund transfers occurred in New York; no party has identified any important New York

witnesses or New York documents; New York law does not apply; no property related to the dispute is located in New York; no related litigation is pending in New York; and no other circumstance supports an argument that New York is an appropriate forum. Alternatives to a New York forum are available; indeed, the parties' briefs refer to a number of related investigations or litigations pending in several foreign countries. This is a classic case for the application of the forum non conveniens doctrine.

Accordingly, the order of the Appellate Division should be reversed, with costs, the judgment of Supreme Court reinstated, and the certified question answered in the negative.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order reversed, with costs, judgment of Supreme Court, New York County, reinstated, and certified question answered in the negative.