■ SASSAN NADERI, M.D., Appellant, v NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM et al., Respondents. [24 NYS3d 55]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendants North Shore-Long Island Jewish Health System and Long Island Jewish Medical Center's (together, the LIJ defendants) motion to dismiss, and denied plaintiff doctor's cross motion for additional discovery, and order, same court and Justice, entered January 21, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew his cross motion and the LIJ defendants' motion to dismiss plaintiff's defamation and tortious interference causes of action, unanimously affirmed, without costs.

The motion court correctly dismissed those aspects of the breach of contract cause of action that pertain to the second employment agreement between plaintiff and the LIJ defendants (the second contract) and the notice and cure provisions of the parties' first employment agreement (the first contract).

The second contract explicitly required the parties' signature to become effective, and plaintiff admits that the LIJ defendants did not sign the second contract. Thus, it failed to become a binding agreement, and was unenforceable against the LIJ defendants (*see Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45 AD3d 165, 169 [1st Dept 2007]). To the extent that plaintiff's breach of contract claims are premised on the denial of his purported procedural due process rights under the first contract, those claims are contrary to the contract's express provisions barring procedural rights (*150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 5-6 [1st Dept 2004]).

The motion court correctly dismissed plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing as duplicative of the breach of contract claims that are still pending before the court (*MBIA Ins. Corp. v Merrill Lynch*, 81 AD3d 419, 419-420 [1st Dept 2011]).

Plaintiff's defamation claims allege nothing more than nonspecific defamatory rumors, which do not amount to actionable defamation (*see generally Frechtman v Gutterman*, 115 AD3d 102, 104 [1st Dept 2014]). Nowhere in the complaint does plaintiff allege the particular defamatory words or statements, who made the alleged statements, or to whom the alleged statements were made (*Murphy v City of New York*, 59 AD3d 301, 301 [1st Dept 2009]).

Plaintiff's reliance on an alleged comment made to him at the termination meeting by an employee of the LIJ defendants, to the effect that she doubted that he would be able to maintain his academic appointment at Hofstra Medical School, is not actionable defamation, and is also insufficient to sustain his tortious interference claim (*Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [1st Dept 2009], *lv dismissed in part, denied in part* 14 NY3d 736 [2010]).

Plaintiff fails to state a valid Labor Law claim, because professionals like plaintiff who earn more than $900 a week are not entitled to paid time off, or any other benefit or wage supplement, under the Labor Law (*see* Labor Law § 198-c [3]; *see also Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 615 [2008]).

Plaintiff's cross motion for discovery pursuant to CPLR 3211 (d) was correctly denied, as "he may not use discovery . . . to remedy the defects in his pleading" (*Weinstein v City of New York*, 103 AD3d 517, 517-518 [1st Dept 2013]).

The motion court correctly denied plaintiff's motion for leave to renew, because the emails he submitted do not contain any defamatory statements or have any connection to plaintiff's

defamation and tortious interference claims and thus would not change the court's original determination (*see* CPLR 2221 [e] [2]). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.