■ NOREX PETROLEUM LIMITED, Appellant, v LEONARD BLAVATNIK et al., Respondents, et al., Defendants. [59 NYS3d 11]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered September 28, 2015, dismissing the amended complaint with prejudice, unanimously affirmed. Appeal from orders, same court and Justice, entered August 28, 2015, which, insofar appealed from as limited by the briefs, granted the motions of defendants Leonard Blavatnik, Victor Vekselberg, Access Industries, Inc., Renova, Inc., and BP PLC to dismiss the first amended complaint, unanimously dismissed, as subsumed in the appeal from the judgment.

The court properly gave preclusive effect to a Russian decision (the Know-How case), except as to claims postdating that case (e.g., plaintiff's claim that defendants diverted the profits of nonparty ZAO Yugraneft). Plaintiff's argument that the DHL documents purporting to show service in the Russian case were inadmissible is improperly raised for the first time on appeal (see DiLeo v Blumberg, 250 AD2d 364, 366 [1st Dept 1998]). Its "evidence" that the DHL envelopes merely contained blank sheets of paper is its unverified complaint in a federal action, not an affidavit from the Norex employee who received the packages. Its expert's affidavit did not say that Russian law required former defendant OAO Tyumen Oil Company to deliver the Know-How complaint; in addition, defendants submitted a reply affidavit from their expert, saying that a claimant's failure to serve the statement of claim is not a breach of due process.

Plaintiff did not meet its "high burden" (Matter of Gotlib v Ratsutsky, 83 NY2d 696, 700 [1994]) of showing "that the particular . . . decree . . . was the product of individualized fraud" (id. at 699-700).

Even though the Know-How judgment is entitled to comity, it is not res judicata as to subsequent events (*see O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *Indosuez Intl. Fin. v National Reserve Bank*, 304 AD2d 429, 429-430 [1st Dept 2003]). However, the claims postdating the Know-How judgment were properly dismissed based on forum non conveniens. "The application of the doctrine of forum non conveniens is a matter of discretion to be exercised by the trial court" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478 [1984] [italics omitted], *cert denied* 469 US 1108 [1985]). Contrary to plaintiff's argument, "the availability of another suitable forum" is not "a prerequisite for applying the *conveniens* doctrine" (*id.* at 481; *see also id.* at 478-479, 483-484).

Considering all the relevant factors, the motion court providently exercised its discretion in applying the doctrine of forum non conveniens. What is left of the instant New York state complaint after the Know-How case is the claim that plaintiff (a Cypriot corporation with an office in Canada) should have received dividends from Yugraneft (a Russian company that owns an oil field in Siberia). The key events underlying the claim took place in Russia, where the bulk of the witnesses and documents are located. That the individual defendants may have wired funds from New York does not require a contrary result (*see e.g. Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co.*, 23 NY3d 129, 137 [2014]; *Bluewaters Communications Holdings, LLC v Ecclestone*, 122 AD3d 426, 428 [1st Dept 2014]). "[O]ur courts should not be under any compulsion to add to their heavy burdens by accepting jurisdiction of a cause of action having no substantial nexus with New York" (*Silver v Great Am. Ins. Co.*, 29 NY2d 356, 361 [1972]).

In light of the foregoing, we need not reach plaintiff's argument that the complaint states causes of action against BP. Concur—Friedman, J.P., Richter, Mazzarelli and Gische, JJ.