Wegner v Town of Cheektowaga (2018 NY Slip Op 01711)





Wegner v Town of Cheektowaga


2018 NY Slip Op 01711


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


65 CA 17-01518

[*1]MARK WEGNER, PLAINTIFF-RESPONDENT,
v
TOWN OF CHEEKTOWAGA, MARY HOLTZ, SUPERVISOR, GERALD KAMINSKI, COUNCILMEMBER, JAMES ROGOWSKI, COUNCILMEMBER, AND CHRISTINE ADAMCZYK, COUNCILMEMBER, DEFENDANTS-APPELLANTS. 






HODGSON RUSS LLP, BUFFALO (RYAN J. LUCINSKI OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered July 27, 2017. The order, inter alia, denied the motion of defendants to dismiss the complaint and granted the cross motion of plaintiff to compel discovery. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted, the complaint is dismissed, and in the exercise of discretion plaintiff is granted leave to replead.
Memorandum: Plaintiff commenced this defamation action seeking damages based on allegations that defendants made false accusations that plaintiff engaged in "monetary waste, abuse and criminal actions . . . in his deployment of manpower" in his role as the Highway Superintendent of the Town of Cheektowaga. Defendants moved to dismiss the complaint pursuant to CPLR 3016 (a), and plaintiff cross-moved to compel discovery. Defendants appeal from an order that denied their motion, granted the cross motion, and directed plaintiff to file an amended complaint within 60 days of receiving discovery from defendants.
We conclude that Supreme Court erred in denying defendants' motion. Plaintiff did not set forth in the complaint "the particular words complained of," as required by CPLR 3016 (a), and the complaint did not "state the time, place, and manner of the allegedly false statements and to whom such statements were made' " (Nesathurai v University at Buffalo, State Univ. of N.Y., 23 AD3d 1070, 1072 [4th Dept 2005]; see Keeler v Galaxy Communications, LP, 39 AD3d 1202, 1203 [4th Dept 2007]).
We also conclude that the court erred in granting plaintiff's cross motion inasmuch as "he may not use discovery—either pre-action or pretrial—to remedy the defects in his pleading" (Weinstein v City of New York, 103 AD3d 517, 517-518 [1st Dept 2013]; see Naderi v North Shore-Long Is. Jewish Health Sys., 135 AD3d 619, 620 [1st Dept 2016]). Nevertheless, because there may be a basis for a defamation cause of action against defendants, we grant plaintiff leave to replead in the exercise of our discretion (see Keeler, 39 AD3d at 1203).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court