Confederación Sudamericana de Fútbol v International Soccer Mktg., Inc. (2018 NY Slip Op 03639)





Confederación Sudamericana de Fútbol v International Soccer Mktg., Inc.


2018 NY Slip Op 03639


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6622 655619/16

[*1]Confederación Sudamericana de Fútbol, Plaintiff-Appellant,
v
International Soccer Marketing, Inc., etc., et al., Defendants-Respondents, Libertad Marketing Deportivo, et al., Defendants.


Dewey Pegno & Kramarsky LLP, New York (David S. Pegno of counsel), for appellant.
Walden Macht & Haran LLP, New York (Sean Haran of counsel), for respondents.



Order, Supreme Court, New York County (Barry Ostrager, J.), entered November 14, 2017, which granted defendants International Soccer Marketing, Inc. and Zorana Danis's motion to dismiss the complaint as against them on the grounds of a Paraguayan forum selection clause and forum non conveniens, unanimously affirmed, with costs.
Inasmuch as it was plaintiff that demanded that the forum selection clause in the agreement between itself, defendant International Soccer Marketing, Inc. (ISM), and defendant Bridgestone Corporation be revised to establish the courts of Paraguay as the forum for the hearing of any dispute related to the agreement, plaintiff will not be heard to complain that there was no mutual assent to the revision. To the extent the assent of Bridgestone, which is no longer a party to this action, remains relevant, the record supports ISM and its president defendant Danis's claims of having apprised Bridgestone of the need to revise the clause and contains internal Bridgestone communications reflecting its assent to the revisions. That Bridgestone apparently made the decision not to re-execute the agreement after the revisions were made does not undermine the validity of the revised clause, given that Bridgestone has not called the validity of the clause into question. The fact that certain discrete provisions of the agreement would go into effect only after Bridgestone had signed the agreement is not relevant, since those provisions are not at issue here, and there is no analogous language either in Article 17 of the agreement, which contains the choice of law provision, or in a clause applicable to all terms of the contract (cf. Naderi v North Shore-Long Is. Jewish Health Sys., 135 AD3d 619 [1st Dept 2016] [breach of contract claims premised on denial of procedural due process rights dismissed where contract contained express provisions barring procedural rights]).
Notwithstanding the larger backdrop of fraud against which this dispute arises, plaintiff failed to show that the forum selection clause should be invalidated on grounds of fraud. It was plaintiff that demanded the revisions to the forum selection clause, and plaintiff knew all along that the revisions were being made. Nor does the record show that Bridgestone was defrauded, given the evidence of Danis's communications with Bridgestone representative Matias Borges about the need to revise the forum selection clause. Moreover, Danis attested that she understood that Borges was the appropriate Bridgestone contact, and plaintiff failed to show that she knew, or should have known, otherwise.
We see no reason to disturb the trial court's determination that New York is not a convenient forum for the resolution of this dispute (see Norex Petroleum Ltd. v Blavatnik, 151 AD3d 647, 648 [1st Dept 2017], lv denied 30 NY3d 906 [2017]). As plaintiff's own pleading shows, no party resides or has its principal place of business in New York. Danis, who lives in New Jersey, may own property in New York, but the property is not related to this dispute. Even [*2]if Danis used New York bank accounts to make unlawful payments, that is not sufficient for New York courts to retain the action (see Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129, 137 [2014]). Danis and others may be involved in criminal proceedings in the United States District Court for the Eastern District of New York, but
plaintiff failed to identify individuals located here who would be witnesses in this dispute.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK