Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc. (2019 NY Slip Op 06052)





Primus Pac. Partners 1, LP v Goldman Sachs Group, Inc.


2019 NY Slip Op 06052


Decided on August 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 6, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9169 653885/16

[*1]Primus Pacific Partners 1, LP, Plaintiff-Appellant,
v
Goldman Sachs Group, Inc., et al., Defendants-Respondents.


Kasowitz Benson Torres LLP, New York (Sheron Korpus of counsel), for appellant.
Sullivan & Cromwell LLP, New York (Sharon L. Nelles of counsel), for Goldman Sachs Group, Inc. and Goldman Sachs (Singapore) Pte, respondents.
Wilson Sonsini Goodrich & Rosati, P.C., New York (Michael S. Sommer of counsel), for Tim Leissner, respondent.



Appeal from order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 17, 2017, which granted defendants' motions to dismiss the complaint based on forum non conveniens, deemed an appeal from the judgment, same court and Justice, entered December 22, 2017, dismissing the complaint, and, so considered, said judgment unanimously affirmed, without costs.
This action involves the betrayal by a Singapore entity (defendant Goldman Sachs [Singapore] Pte. [GSS]) of its Malaysian client (nonparty EON Capital Sdn. Bhd.) to curry favor with the Malaysian Prime Minister.
The action was properly dismissed on forum non conveniens grounds, given the unduly burdensome inquiry involved in determining personal jurisdiction in these circumstances and the balance of the forum non conveniens considerations (see Sinochem Intl. Co. Ltd. v Malaysia Intl. Shipping Corp., 549 US 422, 436 [2007] [if the court "can readily determine that it lacks jurisdiction over the . . . defendant, the proper course would be to dismiss on that ground . . . . But where . . . personal jurisdiction is difficult to determine, and forum non conveniens considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course"]). The decision whether the court had jurisdiction over GSS because GSS was a mere department of New-York-based Goldman Sachs Group, Inc. (GSG) would involve an "arduous inquiry" (id. [internal quotation marks omitted]) into whether GSG controlled GSS's finances, interfered with the selection and assignment of executive personnel, and failed to observe corporate formalities, and whether defendant Tim Leissner had sufficient contacts with New York.
Plaintiff's causes of action for fraud and breach of fiduciary duty lack a substantial nexus with New York (see e.g. Bluewaters Communications Holdings, LLC v Ecclestone, 122 AD3d 426, 428 [1st Dept 2014]). Furthermore, plaintiff is a Cayman Islands partnership, not a New York resident (see Bacon v Nygard, 160 AD3d 565, 566 [1st Dept 2018]). Finally, Malaysia has a greater interest than New York in whether one Malaysian bank (nonparty Hong Leong Bank) corruptly took over another Malaysian bank (EON) (see e.g. Hanwha Life Ins. v UBS AG, 127 AD3d 618, 619 [1st Dept 2015], lv denied 26 NY3d 912 [2015]; Bluewaters, 122 AD3d at 428; Millicom Intl. Cellular v Simon, 247 AD2d 223 [1st Dept 1998]).
Contrary to plaintiff's contention, New York law does not require an alternative forum to be available (see e.g. Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478, 480-484 [1984], cert denied 469 US 1108 [1985]; Norex Petroleum Ltd. v Blavatnik, 151 AD3d 647, 648 [1st Dept 2017], lv denied 30 NY3d 906 [2017]).
We have considered plaintiff's remaining arguments (e.g., that New York public policy [*2]will require the application of this state's law instead of Malaysian law and that the court should
have allowed plaintiff to take discovery before granting defendants' motions) and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 6, 2019
DEPUTY CLERK