Al Rushaid Parker Drilling Ltd. v Byrne Modular Bldgs. L.L.C. (2020 NY Slip Op 01277)





Al Rushaid Parker Drilling Ltd. v Byrne Modular Bldgs. L.L.C.


2020 NY Slip Op 01277


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


652375/11 -652369/12 10940A 10940 10939

[*1] Al Rushaid Parker Drilling Ltd., Plaintiff-Appellant,
v
Byrne Modular Buildings L.L.C., Defendant-Respondent.
Rasheed Al Rushaid, et al., Plaintiffs-Appellants,
v
Pictet & Cie, et al., Defendants-Respondents.


Kramer Levin Naftalis & Frankel LLP, New York (Gary P. Naftalis of counsel), for appellants.
Holland & Knight LLP, New York (James H. Hohenstein of counsel), for Byrne Modular Buildings L.L.C., respondent.
Mayer Brown LLP, New York (Mark G. Hanchet of counsel), for Pictet & Cie, Philippe Bertherat, Remy Best, Renaud de Planta, Jacques de Saussure, Bertrand Demole, Jean-Francois Demole, Marc Pictet, Nicholas Pictet and Pierre-Alain Chambaz, respondents.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 19, 2019, in Index No. 652375/11, dismissing the action on the ground of forum non conveniens, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on January 7, 2019, which granted defendants' motion to dismiss pursuant to CPLR 327(a), unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about January 7, 2019, in Index No. 652369/12, which granted the part of defendant's motion to dismiss the action based on forum non conveniens, unanimously affirmed, with costs.
Plaintiff Rasheed Al Rushaid, a resident and national of Saudi Arabia, controls plaintiffs Al Rushaid Petroleum Investment Corp. (ARPIC) and Al Rushaid Parker Drilling, Ltd. (ARPD), both of which are Saudi entities. ARPD entered into a contract with the Saudi national oil company to carry out a construction project in Saudi Arabia. One of ARPD's vendors for this project was the predecessor in interest of defendant Byrne Modular Buildings L.L.C. (Byrne), a United Arab Emirates (UAE) company. Plaintiffs allege that Byrne bribed certain of ARPD's employees to act against ARPD's interests in connection with the project. Plaintiffs further allege that Byrne's bribery of the faithless employees was facilitated by defendant Pictet & Cie (Pictet), a Swiss private bank. Pictet allegedly opened an account for a British Virgin Islands (BVI) entity created by the faithless employees, and Byrne wired funds from its UAE bank account to the BVI entity's account with Pictet in Switzerland. These funds were transmitted through a correspondent bank in New York.
This appeal concerns plaintiffs' separate actions against Byrne (Index No. 652369/12) (the Byrne action) and against Pictet and nine individuals affiliated with it (Index No. 652375/11) (the Pictet action). On an earlier appeal in the Pictet action, the Court of Appeals determined [*2]that the transfer of the funds constituting the bribes through the New York correspondent bank subjected Pictet and its affiliated individual codefendants to personal jurisdiction in New York for purposes of that action (see Rushaid v Pictet & Cie, 28 NY3d 316 [2016]). In so doing, the Court of Appeals declined to address Pictet's alternative argument that the action should be dismissed pursuant to the doctrine of forum non conveniens even if personal jurisdiction existed. Rather, the Court observed that, upon remittitur, "Supreme Court should address the matter [of forum non conveniens] in the first instance" (28 NY3d at 332).
In each of the subject actions, Supreme Court, after considering all the relevant factors (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479, 482 [1984], cert denied 469 US 1108 [1985]), properly exercised its discretion in granting the motion to dismiss on the ground of forum non conveniens (CPLR 327[a]) on the condition that the defendant or defendants stipulate to accept service of process and waive any statute of limitations defense if sued in the alternative forum (Switzerland in the Pictet action, the UAE in the Byrne action)[FN1]. In this regard, the court properly considered the following matters, among others: (1) none of the parties to either action is a New York citizen or resident or (if an entity) is formed under New York law or has its principal place of business in New York;[FN2] (2) the alleged conduct at issue primarily occurred in the UAE, Saudi Arabia and Switzerland, with the sole New York connection being the fleeting presence of the bribery funds at a nonparty New York correspondent bank while en route from the UAE to Switzerland; (3) the bulk of the relevant documentary evidence is located in the UAE, Saudi Arabia, Switzerland and BVI, and most witnesses are located outside New York and beyond New York's subpoena power; (4) there is a likelihood that foreign substantive law will govern; (5) there are alternative fora available (Switzerland and the UAE) with greater connection to the subject matter; and (6) in the Pictet action, Switzerland has an interest in regulating the conduct of a bank operating within its borders [FN3]. In view of these considerations, it cannot be said that Supreme Court improvidently exercised its broad discretion in granting the motions for forum non conveniens dismissal, still less that its discretion was abused.
The Court of Appeals' decision in Pictet establishes that the passage of the alleged bribery funds through a New York correspondent bank sufficed to confer on the state's courts personal jurisdiction over the parties that arranged that transfer. As Supreme Court correctly recognized, however, the Pictet holding did not abrogate the Court of Appeals' statement less than three years earlier, in reinstating the dismissal of an action on forum non conveniens grounds, that
"[o]ur state's interest in the integrity of its banks . . . is not significantly threatened every time one foreign national, effecting what is alleged to be a fraudulent transaction, moves dollars through a bank in New York. . . . New York's interest in its banking system is not a trump to be played whenever a party to such a transaction seeks to use our courts for a lawsuit with little or no apparent contact with New York" (Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129, 137 [2014] [internal quotation marks omitted]).
In accordance with Mashreqbank, this Court has declined to disturb the motion court's discretionary determination that New York is not a convenient forum in cases where the sole connection to New York was the passage of wired funds through a correspondent bank in the state (see Confederacion Sudamericana de Futbol v International Soccer Mktg., Inc., 161 AD3d 581 [1st Dept 2018]; Norex Petroleum Ltd. v Blavatnik, 151 AD3d 647 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK



Footnotes

Footnote 1:On the motion in the Byrne action, the court implicitly assumed that it had personal jurisdiction over the defendant.

Footnote 2:As previously noted, Al Rushaid resides in Saudi Arabia, ARPIC and ARPD are both Saudi entities, and Byrne is a UAE entity. Pictet is a private Swiss bank with its principal place of business in that country. Of the nine Pictet-affiliated individuals sued in the Pictet action, eight reside in Switzerland and one resides in the United Kingdom.

Footnote 3:In contrast, the conduct of the New York correspondent bank, through which the alleged bribery funds were moved, is not at issue in either action.