Overton v Egami Group, Inc. (2022 NY Slip Op 00071)





Overton v Egami Group, Inc.


2022 NY Slip Op 00071


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 657185/20 Appeal No. 14984 Case No. 2021-02467 

[*1]Cheryl Overton, Plaintiff-Appellant,
v
Egami Group, Inc., et al., Defendants-Respondents.


The Eubanks Law Firm PLLC, New York (Renee Eubanks of counsel), for appellant.
Klein Zelman Rothermel Jacobs & Schess LLP, New York (Jane B. Jacobs of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 5, 2021, which, to the extent appealed from, granted defendants' motion to dismiss the fourth, fifth, and sixth causes of action under the Labor Law, unanimously affirmed, without costs.
In April 2018, plaintiff accepted an offer to serve as the president of defendants Egami Group, Inc. and Egami Consulting Incorporated (together, Egami). Under her employment agreement, she received a base salary of $300,000 per year and was responsible for several departments that reported to her. Accordingly, the Labor Law § 191 claim was correctly dismissed because that section is not applicable to "any person employed in a bona fide executive . . . capacity whose earnings are in excess of nine hundred dollars a week" (Labor Law § 190[7]). In addition, plaintiff's argument that § 191 does not preclude her from seeking compensation for work she performed for defendant The Cusp Influencer Network LLC (Cusp) is unpreserved and in any event unavailing. The complaint alleges that plaintiff performed tasks for Cusp "[d]uring her tenure as President [of Egami]."
The Labor Law § 193 claim fails to allege an unlawful deduction from wages (see Kolchins v Evolution Mkts., Inc., 182 AD3d 408, 409 [1st Dept 2020]). The complaint fails to state a cause of action under Labor Law § 193. Defendants' alleged failure to compensate plaintiff for keeping her likeness on their website until March 2020 to attract business does not give rise to a wage claim for labor or services rendered (see e.g. Shanklin v Wilhelmina Models, Inc., 161 AD3d 610 [1st Dept 2018]). Plaintiff's claim that defendants failed to grant her equity depends on defendants' overall financial success and thus "lacks the direct relationship between [her] own performance and the compensation to which [she] is entitled contemplated by Labor Law article 6" (Guiry v Goldman, Sachs & Co., 31 AD3d 70, 73 [1st Dept 2006] [internal quotation marks omitted], appeal withdrawn 7 NY3d 809 [2006]).
Defendants' documentary evidence utterly refutes plaintiff's claims under Labor Law §§ 195(6) and 217 by showing that plaintiff was provided with the requisite notice of her termination and the cessation of her health insurance through their professional employment organization, nonparty TriNet. Plaintiff's allegations of continued
negotiations about the terms of her separation and her unsubstantiated assertion that she did not receive a letter from TriNet about her termination until March 2021 cannot save these claims.
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022