Riggi v Charlie Rose Inc. (2023 NY Slip Op 00188)

Riggi v Charlie Rose Inc.

2023 NY Slip Op 00188

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 159167/19 Appeal No. 17121 Case No. 2021-02457 

[*1]Gina G. Riggi, Plaintiff-Appellant,
v
Charlie Rose Inc., et al., Defendants-Respondents, Bloomberg, L.P., Defendant.

Stulberg & Walsh, LLP, New York (Patrick J. Walsh of counsel), for appellant.
Shapiro Arato Bach LLP, New York (Cynthia S. Arato of counsel), for respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered May 26, 2021, which to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the causes of action for unjust enrichment/quantum meruit and for violations of Labor Law §§ 193 and 198, and denied plaintiff's cross motion to amend the complaint to add causes of action for breach of contract and promissory estoppel, unanimously affirmed, without costs.
Plaintiff fails to state a claim for violation of Labor Law § 193, as the complaint fails to allege that defendants made unlawful deductions from her salary or unlawfully withheld payment of her salary (see Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449 [1st Dept 2017]). Plaintiff also fails to refute the invoices that defendants submitted on their motion, which show that her services were paid for in full (see Overton v Egami Group, Inc., 201 AD3d 455, 455, 456 [1st Dept 2022], lv dismissed 38 NY3d 1177 [2022]).
Plaintiff also fails to state a claim under Labor Law § 198, as she does not plead a substantive violation of article 6 of the Labor Law (see Vega v CM & Assoc. Constr. Mgt, LLC, 175 AD3d 1144, 1144-1145 [1st Dept 2019]; Salahuddin v Carver, 163 AD3d 1508, 1510-1511 [4th Dept 2018]). To the extent the complaint alleges that plaintiff was denied paid leave and unemployment benefits, such benefits are considered "benefits or wage supplements" under Labor Law § 198-c, which "does not apply to any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of nine hundred dollars a week" (see e.g. Holahan v 488 Performance Group, Inc., 140 AD3d 414, 415 [1st Dept 2016]; Naderi v North Shore-Long Is. Jewish Health Sys., 135 AD3d 619, 620 [1st Dept 2016]). In any event, even if, despite her allegations, plaintiff is not a professional for purposes of the Labor Law, she fails to plead that she had an enforceable right to the wages that were purportedly withheld (see Arbeeny v Kennedy Exec. Search, Inc., 71 AD3d 177, 180 [1st Dept 2010]; Tierney v Capricorn Invs., 189 AD2d 629, 632 [1st Dept 1993], lv denied 81 NY2d 710 [1994]).
Furthermore, Supreme Court properly denied plaintiff's cross motion to amend her complaint, as the proposed additional causes of action for breach of contract and
promissory estoppel are palpably insufficient (see WDF, Inc. v Trustees of Columbia Univ. in the City of N.Y., 170 AD3d 518, 519 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023