Haussmann v Baumann (2025 NY Slip Op 03009)

Haussmann v Baumann

2025 NY Slip Op 03009

Decided on May 20, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 20, 2025

No. 3 

[*1]Rebecca R. Haussmann, & c., et al., Appellants,
v
Werner Baumann, et al., Respondents, et al., Defendants, Bayer AG, Nominal Respondent.

Francis A. Bottini, Jr., for appellant.
William Savitt, for respondents Werner Baumann, et al.
Lara Samet Buchwald, for respondents Bank of America Corporation, et al.
Securities Industry and Financial Markets Association et al., Chamber of Commerce of the United States of America, amici curiae.

MEMORANDUM:
The order of the Appellate Division insofar as appealed from should be affirmed, with costs.
Supreme Court dismissed this putative shareholder derivative action for reasons including that "in the interest of substantial justice the action should be heard in another forum" (73 Misc 3d 1234[A], 2021 NY Slip Op 51232[U], *2 [Sup Ct, NY County 2021], quoting CPLR 327 [a]).[FN1] "In general, a decision to grant or deny a motion to dismiss on forum non conveniens grounds is addressed to a court's discretion, and we will review it only to decide whether discretion has been abused" (Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129, 137 [2014] [citation omitted]). "[I]f the courts below considered the various relevant factors in making such a determination, 'there has been no abuse of discretion reviewable by this [C]ourt,' even if we would have weighed those factors differently" (Estate of Kainer v UBS AG, 37 NY3d 460, 467 [2021], quoting Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984]; see id. at 467, 468 n 3 [identifying relevant factors]; Pahlavi, 62 NY2d at 479 [*2][same]). Here, Supreme Court considered all relevant factors and made no legal error in doing so (see Kainer, 37 NY3d at 467, 468 n 3). Contrary to plaintiffs' contention, the court gave due weight to plaintiffs' choice of forum. That one plaintiff is a New York resident does not mandate a contrary result (see CPLR 327 [a] ["The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action"]).
Order insofar as appealed from affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman, Halligan and Landicino concur.
Judge Garcia took no part.
Decided May 20, 2025

Footnotes

Footnote 1: Plaintiffs failed to preserve their argument that a forum non conveniens dismissal is precluded by CPLR 327 (b).